■ PETER STEENBAR, Respondent, v. CHARLES BUERMAN & Co., INC., et al., Appellants.— Action to recover damages for personal injuries alleged to have been sustained when respondent, who, while standing on a public sidewalk, was struck by a brick hurled by an unidentified 18 or 19-year-old youth from the roof of a five-story building owned and operated by appellants. The appeal is from the judgment entered on the verdict of a jury in favor of respondent. Judgment reversed on the law, with costs, and complaint dismissed. The findings of fact are affirmed. Testimony of respondent and his landlady that prior to the accident they had seen children, at play, throw bricks from the roof, is insufficient to render appellants liable for such a missile thrown across the street at respondent by a stranger. Appellants were under no duty to police the roof, and the thrower of the missile was obviously an unidentified trespasser. Wenzel, Beldock and Murphy, JJ., concur; Nolan, P. J., and Kleinfeld, J., dissent and vote to affirm, with the following memorandum: Although the loose stones and bricks which had accumulated on the roof of appellants' building did not create an inherently dangerous condition, and appellants would not be liable for injuries to respondent arising out of the unlawful act of a trespasser upon their property, which appellants should not reasonably have foreseen, it was appellants' duty, nevertheless, to keep their property from being a cause of danger to the public by reason of any defect either in structure, repair, or use and management which reasonable care and skill could guard against. (*Ford* v. *Grand Union Co.*, 268 N. Y. 243.) On the record in this case, the jury could have found, and apparently did find, that boys were in the habit of going on the roof of appellants' building and throwing bricks and stones down from the roof into the street, and that appellants were aware, or should have known, of such practice. Under such circumstances, appellants' failure to exercise reasonable care to prevent injury to persons on the street, resulting from such practice, could be found to be a proximate cause of the accident which occurred, and of respondent's injuries. (Cf. *Hogle* v. *Franklin Mfg. Co.*, 199 N. Y. 388; *Abbott* v. *New York Public Lib.*, 263 App. Div. 314; *Ford* v. *Grand Union Co., supra.*)

## (July 23, 1956)

■ MAURICE ABRAHAMS, an Infant, by LEWIS ABRAHAMS, His Guardian ad Litem, Appellant, et al., Plaintiff, v. M. S. BERKOFF Co., INC., Respondent. — Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See *ante*, p. 686.]

■ ATLANTIC BEACH PROPERTY OWNERS' ASSOCIATION INC., et al., Respondents, v. TOWN OF HEMPSTEAD, Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See 1 A D 2d 1028.]

■ CARRIE CHAPPELLE, Respondent, v. GERRY ESTATES, INC., et al., Appellants.— On the court's own motion, the decision handed down July 9, 1956 is amended by striking from the decretal paragraph the figure " 20 " and by substituting in place thereof the figure " 60 ". Present — Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ. [See *ante*, p. 762.]

■ ABE FELLER, Respondent, v. MANUFACTURERS TRUST COMPANY, Appellant.— Motion for leave to appeal to the Appellate Division granted. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ.

■ WILLIAM FINKE, Appellant, v. IRIS CAB CORP., et al., Defendants, and CATHERINE PRUSSAK et al., Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Ughetta and Kleinfeld, JJ. [See 1 A D 2d 692.]