OPINION OF THE COURT
Charles H. Cohen, J.
Defendant has made a motion “for an order pursuant to CPLR 3212 granting summary judgment dismissing this suit”.
This is a negligence action brought by plaintiff, a passenger on defendant’s subway train, to recover damages from defendant for personal injuries which he suffered when he was struck by a rock thrown through a window of the subway train. In his complaint, plaintiff alleges that defendant was negligent as follows: “That the negligence of the defendant, its agents, servants, and/or employees, consisted in failing to properly and adequately maintain and supervise the operation of the aforedescribed subway; in operating the said subway with complete disregard for the safety of the passengers therein; in knowing full well of the dangerous and hazardous condition of the said subway line in this area by virtue of the fact that on an almost daily basis, missiles, rocks, and other debris were hurled at the said subway; in failing to place any additional guards in and about the said subway so as to prevent the happening of the aforedescribed occurrence; in failing to install, place and/or have shatter-proof glass on the said subway train; in operating the train through an area where it was regularly the target of rocks, debris, stones and missiles, *214 without any protection whatsoever to the general public herein and in particular the plaintiff herein, and in further being careless and negligent in the operation of the aforedescribed subway.”
While called a motion for summary judgment under CPLR 3212, no affidavit setting forth facts by a person having knowledge of the facts has been submitted by defendant, although a copy of plaintiff’s testimony given at a hearing is attached. The affirmation submitted in support of the motion is that of an attorney for defendant who, for the most part, argues the applicable law, citing cases. This practice of arguing law in an affidavit (or affirmation) has been disapproved (Taylor v African M.E. Church, 265 App Div 858).
The answering affidavit is similarly made by an attorney without knowledge of the facts and also, for the most part, argues the applicable law but without citing cases (although making a reference to an unnamed “myriad of cases” to support plaintiff’s position). If counsel would remember that affidavits (and affirmations) are to be used for the presentation of facts while memoranda of law (or briefs) are to be used to present legal arguments, it might be easier to focus on the exact question being presented to the court.
Defendant argues that “even conceding every single allegation contained in plaintiff’s complaint, it is still clear that as a matter of law no prima facie case can be established against The New York City Transit Authority”. Plaintiff responds by stating that: “While ordinarily the defendant cannot be held liable for the criminal acts of a third person, there are a myriad of cases in recent years which have held defendants, and this defendant in particular, liable for assaults, etc., where a certain subway station, platform, etc., was known by the defendant to be a hazardous and high-risk area by virtue of prior similar acts. This is the gravamen of the complaint herein.” It appears, then, that both sides are really addressing themselves to the question of whether the complaint states a cause of action (see CPLR 3211, subd [a], par 7). Accordingly, the court will follow the procedural course charted *215 by the parties (Stevenson v News Syndicate Co., 302 NY 81, 87) and consider this question.
In Weiner v Metropolitan Transp. Auth. (55 NY2d 175), actions against the present defendant, New York City Transit Authority, the Court of Appeals recently held (at pp 178-179): “The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted. That a nongovernmental common carrier would be liable under the same factual circumstances is not determinative of the authority’s liability. Its immunity from such liability rests upon the same considerations as does the immunity of a municipality or other governmental body from liability for failure to provide adequate police protection, for the duty if one were recognized would necessarily implicate the Transit Authority police.” This determination was made in two cases in which there had been several prior assaults in the area where the plaintiff in each of these cases was assaulted.
The principle enunciated in Weiner is applicable here where plaintiff’s claim is essentially one which does “involve or grow directly out of the failure to allocate police resources” (Weiner v Metropolitan, supra, at p 182). Plaintiff is claiming that defendant operated its subway train “through an area where it was regularly the target of rocks, stones and missiles” without providing protection to its passengers.
It is noted that in addition to allegations of negligence based upon what may be termed inadequate police protection, plaintiff also alleges that defendant was negligent in failing to install shatterproof glass on its subway train. This raises the question as to whether defendant is obligated to take measures other than expanded police protection to protect its passengers from assaults by third parties where it has notice of the continuing nature of those assaults. Defendant argues that if it is not liable for damages to passengers caused by criminal attacks, the fact that it may be “obligated, in the abstract, to maintain its glass in proper repair is utterly irrelevant to the theory of liability on which this suit is premised. Stated differently, *216 the failure of the Authority to install shatterproof glass is not the proximate or legal cause with respect to the risks being sued upon here.”
In support of this argument, defendant cites Miller v Bahmmuller (124 App Div 558). In that case, the Appellate Division set aside a verdict in favor of an infant plaintiff who was injured when one of the defendants kicked plaintiff, causing him to fall down an open, unguarded cellar-way on premises maintained by both defendants. The court observed (at p 559) “The plaintiff’s theory is that the open cellarway was one of the proximate causes of the injuries; that that and the assault were concurrent causes. We do not think so. The plaintiff’s cause of action, if any, is for assault against the person who committed the assault.”
Nevertheless, if defendant were under a duty to install shatterproof glass in its trains which pass through an area where it was on notice that persons threw rocks at its trains, it would be difficult to claim that defendant would be free from liability on the ground of lack of proximate cause since it may readily be found that the injury suffered by plaintiff in this case was foreseeable. As recently stated by the Court of Appeals in Derdiarian v Felix Contr. Corp. (51 NY2d 308, 315): “Where the acts of a third person intervene between the defendant’s conduct and the plaintiff’s injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant’s negligence (see Parvi v City of Kingston, 41 NY2d 553, 560; Restatement, Torts 2d, §§ 443, 449; Prosser, Law of Torts, § 44). If the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant’s conduct, it may well be a superseding act which breaks the causal nexus (see, e.g., Martinez v Lazaroff, 48 NY2d 819, 820; Ventricelli v Kinney System Rent A Car, 45 NY2d 950, 952, supra; Rivera v City of New York, 11 NY2d 856). Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve.”
*217 It therefore becomes necessary to determine how far Weiner goes in insulating defendant from liability when a passenger is injured by attacks of third parties at a particular location where such attacks may be found to be foreseeable. It may be contended that Weiner is based upon the general rule that defendant should be immune from liability in cases involving “the allocation of police resources to protection from criminal wrongdoing” (Weiner v Metropolitan Transp. Auth., supra, at p 181). If it is “the allocation of police resources” that is determinative of the issue, then it may be argued that requiring the installation of shatterproof glass does not involve a police function and therefore defendant should be subject to the same liability as any common carrier (see Green Bus Lines v Ocean Acc. & Guar. Corp., 287 NY 309, 312). This is assuming, of course, that there may be a duty to install shatterproof glass when one is on notice that glass may be shattered in a particular situation. But compare Trimarco v Klein (82 AD2d 20) declaring that a landlord was under no duty to install shatterproof glass in a bathroom shower panel. Yet, the opening sentence of the opinion in Weiner, quoted above, broadly declares that defendant “owes no duty to protect a person on its premises from assault by a third person.” It seems, therefore, that while Weiner used “the allocation of police resources” as the basis for the rule it enunciated, it effectively immunized defendant from liability in any case where a passenger is attacked by a third party (except, of course, in the case of a “special relationship”, which is not claimed here). This broad immunization from liability may be justified on the ground that if defendant were required to take nonpolice measures to protect its passengers from attacks by third parties, these measures might stretch its resources as much as a rule requiring it to take certain police action. Thus, in this case, requiring the installation of shatterproof glass on defendant’s trains might be more burdensome to defendant than stationing its police at a certain location for a period of time.
The motion is granted to the extent of dismissing the complaint for failure to state a cause of action.