OPINION OF THE COURT
Memorandum.
Order unanimously reversed, without costs, motion for summary judgment granted and complaint dismissed.
In this negligence action for personal injuries plaintiff, Mary Giamboi, was waiting at a bus stop when she was struck by a beer bottle thrown from an elevated subway structure. It is conceded by the defendant for the purpose of this motion that it had notice of prior incidents whereby individuals threw debris down from the elevated subway platform onto people entering or exiting from the train or onto people in the street below. It is also conceded that the fence enclosing the platform was only four feet high.
In our opinion, the order should be reversed and the complaint dismissed. In Weiner v Metropolitan Transp. *811 Auth. (55 NY2d 175, 178-179), the court held that: “The New York City Transit Authority owes no duty to protect a person on its premises from assault by a third person, absent facts establishing a special relationship between the authority and the person assaulted. That a nongovernmental common carrier would be liable under the same factual circumstances is not determinative of the authority’s liability. Its immunity from such liability rests upon the same considerations as does the immunity of a municipality or other governmental body from liability for failure to provide adequate police protection, for the duty if one were recognized would necessarily implicate the Transit Authority police.”
In Weiner (supra), the court ruled that the Authority is not liable when plaintiff’s claim is essentially one which involves or grows directly out of the failure to allocate police resources. In the instant matter the absence of police surveillance at the elevated subway structure overlooking the street resulted in the plaintiff being injured by a third party.
Plaintiff argues that defendant could have prevented this incident by installing a higher fence at this overpass to prevent third parties from throwing debris over the fence onto the people below. While the court in Weiner (supra) used the term “allocation of police resources” as the basis for its decision, it is apparent that it intended that the Authority be immune from liability when an individual is attacked by a third party (except when a “special relationship” exists). This broad protection is based on the theory that if the Authority were required to utilize nonpolice measures to protect individuals from attacks by third parties, these measures might stretch its resources as much as providing police protection. Thus, in the instant matter, requiring the construction of high fences at the sites of subway overpasses in which incidents such as this have occurred might be more expensive than stationing police at these locations (cf. Ammirati v New York City Tr. Auth., 117 Misc 2d 213; see, also, Steenbar v Buerman & Co., 2 AD2d 780, affd 2 NY2d 903, where the court found that a landowner was not liable when an individual threw a brick from its roof down onto a passerby even though *812 there was testimony that prior to this incident children had been throwing bricks from the roof). Consequently, the order of the court below should be reversed and the complaint dismissed.
Buschmann, J. P., Jones and Kunzeman, JJ., concur.