■ CAREEFE BURGESS et al., Appellants, v CITY OF NEW YORK et al., Respondents, and LINDEN PLAZA HOUSING CO., INC., Third-Party Plaintiff-Respondent. LANCE INVESTIGATION SERVICE, INC., Third-Party Defendant-Respondent. [613 NYS2d 657] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court,

Kings County (Hutcherson, J.), dated November 5, 1992, which (1) granted (a) the motion of the defendants Linden Plaza Housing Co., Inc. and Linden Plaza Associates for summary judgment dismissing the complaint and all cross claims and counterclaims asserted against them, (b) the motion of third-party defendant Lance Investigation Service, Inc. for summary judgment dismissing the third-party complaint and all cross claim and counterclaim asserted against it and (c) the motion of the defendant City of New York for summary judgment, dismissing the complaint and all cross claims and counter-claims asserted against it; and (2) denied their cross motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate brief.

On or about November 13, 1984, the infant plaintiff, Careefe Burgess, was struck by a bottle of water allegedly thrown from a building located at 735 Lincoln Avenue in Brooklyn, New York which is part of a development known as Linden Plaza. The development is owned by defendants Linden Plaza Housing Co., Inc. and Linden Plaza Associates. Linden Plaza is a Mitchell Lama Project which is subsidized by the defendant City of New York. At the time of the incident, the infant plaintiff was being carried by his father, Ronald Burgess, on a walkway ramp of the development. The infant plaintiff suffered injuries leaving his left arm and shoulder permanently paralyzed.

It is well established that in order for a plaintiff to prevail on a claim of common-law negligence there must first be a legal duty owed by the defendant to the plaintiff *(see, Mc-Kenna v Garcia,* 189 AD2d 756; *Krinick v Sharac Rest.,* 144 AD2d 440). A landowner has a duty to exercise reasonable care in maintaining its property in a safe condition *(see, Basso v Miller,* 40 NY2d 233, 241). Under this standard, a landlord has a duty to maintain minimal security measures in the face of foreseeable criminal acts *(see, Miller v State of New York,* 62 NY2d 506, 513; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507). However, an exception to this duty arises when an occurrence is deemed to be so exceptional in nature that it does not " ' "suggest itself to a reasonably careful and prudent person as one which should be guarded against" ' " *(Elardo v Town of Oyster Bay,* 176 AD2d 912, 913, citing *Fellis v Old Oaks Country Club,* 163 AD2d 509, 511, quoting from *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711).

Furthermore, "[u]nlike foreseeability and causation, both

generally factual issues to be resolved on a case-by-case basis by the fact finder, the duty owed by one member of society to another is a legal issue for the courts" *(Eiseman v State of New York,* 70 NY2d 175, 187; *Parks v Hutchins,* 162 AD2d 666, 670, *affd* 78 NY2d 1049; *Krinick v Sharac Rest., supra,* at 441). " 'In fixing the bounds of that duty, not only logic and science, but policy play an important role' " *(Strauss v Belle Realty Co.,* 65 NY2d 399, 402, quoting *De Angelis v Lutheran Med. Ctr.,* 58 NY2d 1053, 1055).

Upon our review of the evidence, we discern no basis upon which liability of the defendants may be legally predicated. Under the circumstances presented, it would be unreasonable to charge the defendants with the duty to protect the infant plaintiff against the type of harm incurred. To impose such a duty would be to require the defendants to assume the burden of insuring the safety of any pedestrian who is struck by an object which strays onto the ramp area, an obligation which "transcends that imposed by reasonable care and foresight" *(Tomassi v Town of Union,* 46 NY2d 91, 98; *see also, Steenbar v Buerman & Co.,* 2 AD2d 780, *affd* 2 NY2d 903). Accordingly, the Supreme Court properly awarded summary judgment in favor of the defendants and third-party defendant. O'Brien, J. P., Pizzuto, Joy and Krausman, JJ., concur.