■ JAMES COONEY, Respondent, v TOWN OF OYSTER BAY, Appellant, et al., Defendant. (And a Third-Party Action.) [672 NYS2d 813] —In an action to recover damages for personal injuries, the defendant Town of Oyster Bay appeals from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated April 2, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

. Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff was attacked by the third-party defendant, Michael Kearney, while in a community park owned by the defendant Town of Oyster Bay. He thereafter commenced this action against, *inter alia*, the Town, alleging that it was negligent in failing to maintain the park in a reasonably safe condition. In the order appealed from, the Supreme Court, *inter alia*, denied the Town's cross motion for summary judgment. We now reverse.

A landowner has a duty to exercise reasonable care in maintaining its property in a reasonably safe condition (*see, Basso v Miller*, 40 NY2d 233; *Burgess v City of New York*, 205 AD2d 656). This includes a duty to maintain minimal security measures in the face of foreseeable criminal acts by third persons when a landowner knows or has reason to know from past experiences that there is a likelihood of conduct on the part of third persons which is likely to endanger the safety of visitors (*see, Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Burgess v City of New York, supra; Provenzano v Roslyn Gardens Tenants Corp.*, 190 AD2d 718). Here, in response to the Town's proffer of a prima facie case for dismissal of the complaint, the plaintiff, *inter alia*, failed to raise a triable issue of fact that the Town was on notice of conduct on the part of third persons which was likely to endanger the safety of visitors to the park (*see, Jacqueline S. v City of New York*, 81 NY2d 288; *Lauersdorf v Supermarket Gen. Corp.*, 239 AD2d 319; *Karp v Saks Fifth Ave.*, 225 AD2d 1014). Thus, the complaint must be dismissed insofar as asserted against the Town. Bracken, J. P., Ritter, Altman and McGinity, JJ., concur.