■ RAMRAJ CHALU et al., Respondents, v RAMDHANIE HARIRAJ, Appellant, et al., Defendants. [758 NYS2d 132] —In an action to recover damages for personal injuries, etc., the defendant Ramdhanie Hariraj appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated October 1, 2002, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The action arises out of injuries sustained by the plaintiff Ramraj Chalu (hereinafter the plaintiff) as a result of an assault which took place outside the home of the defendant Ramdhanie Hariraj (hereinafter Ramdhanie), his brother-in-law. The plaintiff had been a guest at a religious celebration at Ramdhanie's home and claims he was in the driveway, in the process of leaving, when he was assaulted and beaten by Ramdhanie's two brothers. The assailants, named as codefendants, had also been guests at the celebration.

Homeowners have a duty to act in a reasonable manner to prevent harm to those on their property, which includes the duty to control the conduct of third persons on their premises when the homeowners have the opportunity to control such persons and are reasonably aware of the need for such control (*see D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *De Ryss v New York Cent. R.R. Co.*, 275 NY 85 [1937]; *Lindskog v Southland Rest.*, 160 AD2d 842 [1990]).

On a motion for summary judgment, the movant has the initial burden of presenting a prima facie case showing his or her entitlement to judgment in his favor as a matter of law before the court looks to the sufficiency of the responding papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The appellant met his initial burden by relying, inter alia, on the plaintiff's affidavit and deposition. The plaintiff admitted that Ramdhanie did not participate in the assault, that Ramdhanie did not arrive on the scene until after it was over, that prior to the date of the incident the plaintiff's relationship with his assailants, who were also his brothers-in-law, was good, and that he had had no arguments with them at the celebration.

In opposition, the plaintiff belatedly attempts to show that it was reasonable for Ramdhanie to have known about the need to control his brothers. He submits an affidavit in which he alleges that he was informed by an unnamed person, at an unspecified time, that Ramdhanie had prior knowledge of his brothers' intentions. This vague, unsupported, self-serving allegation appears to be a feigned issue, raised by the plaintiff for the first time in response to a motion for summary judgment to avoid the consequences of his earlier admissions about his good relations with the defendants (*see Krohn v Melanson,* 298 AD2d 510 [2002]). The plaintiffs' opposition papers were insufficient to defeat the summary judgment motion. The plaintiffs did not respond with evidence in admissible form and offer no acceptable explanation for this failure (*see Mendez v City of New York,* 295 AD2d 487, 488 [2002]). Accordingly, the Supreme Court should have granted Ramdhanie's motion for summary judgment dismissing the complaint insofar as asserted against him.

The parties' remaining contentions are either academic or without merit. Feuerstein, J.P., Friedmann, Schmidt and Mastro, JJ., concur.