JANET TAYLOR, Respondent, v BEDFORD CHECK CASHING CORP., Appellant. [779 NYS2d 232]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated November 5, 2003, which denied its motion for summary judgment dismissing the complaint, with leave to renew.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

As alleged in her bill of particulars, the plaintiff was standing in line in the defendant's check-cashing establishment when two men, who were engaged in a physical altercation outside the premises, entered the establishment. One of the men produced a gun and fired three shots at the other. In the ensuing crowd confusion, the plaintiff was knocked to the floor by other patrons, sustaining injuries. Thereafter, she commenced this action against the defendant, and the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion, with leave to renew.

Under the unusual circumstances presented here, the Supreme Court erred in denying the defendant's motion. The intervening, intentional, and criminal act of the third-party gunman in this case, and the ensuing crowd confusion, were not normal or foreseeable consequences of any situation created by the defendant (*see Libby v Waldbaum's, Inc.*, 240 AD2d 547, 547-548 [1997]; *Burgess v City of New York*, 205 AD2d 656 [1994]; *O'Britis v Peninsula Golf Course*, 143 AD2d 123, 125 [1988]). Rather, the sequence of events leading to the plaintiff's injuries was so extraordinary and far removed from any alleged breach of the defendant's duty of care as to be unforeseeable as a matter of law (*see Buckeridge v Broadie*, 5 AD3d 298 [2004];

*see also Santiago v New York City Hous. Auth.,* 63 NY2d 761 [1984]). Florio, J.P., Luciano, Townes and Fisher, JJ., concur.