■ VICTOR C. et al., Appellants, v JOAQUIN LAZO et al., Respondents, et al., Defendant. [816 NYS2d 547]—

In an action, inter alia, to recover damages for assault and battery, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 8, 2005, which granted the motion of the defendants Joaquin Lazo, Beatrice Lazo, and Ronel I. Lazo for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The infant plaintiff was sodomized in the basement of a house owned by the defendants Joaquin Lazo, Beatrice Lazo, and Ronel I. Lazo (hereinafter collectively the Lazos) by the defendant Jose Manuel Fuentes, whom Joaquin Lazo had hired to paint the house. At the time of the incident, the infant plaintiff was unattended. The plaintiffs thereafter commenced this action against the Lazos and Fuentes. The Lazos subsequently moved for summary judgment dismissing the complaint insofar as asserted against them. It is undisputed that Joaquin Lazo was the only owner who resided at the premises and was the only owner present at the time of the occurrence.

"Homeowners have a duty to act in a reasonable manner to prevent harm to those on their property, which includes the duty to control the conduct of third persons on their premises when the homeowners have the opportunity to control such persons and are reasonably aware of the need for such control" (*Chalu v Hariraj*, 304 AD2d 515 [2003]).

On a motion for summary judgment, the movant has the initial burden of presenting a prima facie case showing his or her entitlement to judgment in his favor as a matter of law before the court looks to the sufficiency of the responding papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Beatrice Lazo and Ronel I. Lazo met their initial burden of establishing that they did not have the opportunity to control Fuentes's conduct, by relying, inter alia, on their deposition testimony, as well as the deposition testimony of Joaquin Lazo, which indicated that neither one of them resided at the premises nor were present at the time of the occurrence. Joaquin Lazo met his initial burden of establishing that he was not reasonably aware of the need for such control, by relying, inter alia, on his deposition testimony, indicating that he was unaware of a prior incident in which Fuentes had purportedly touched a girl in a sexual manner. In opposition, the plaintiffs failed to raise a

triable issue of fact with regard to either of the foregoing matters (*Chalu v Hariraj, supra*).

In any event, the events leading to the infant plaintiff's injuries were so extraordinary as to be unforeseeable as a matter of law (*see Taylor v Bedford Check Cashing Corp.*, 8 AD3d 657 [2004]). Accordingly, the Supreme Court properly granted the motion. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.