Maruca v DiGesu (2022 NY Slip Op 04719)

Maruca v DiGesu

2022 NY Slip Op 04719

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
PAUL WOOTEN, JJ.

2020-03324
 (Index No. 606223/19)

[*1]Denise Maruca, respondent, 
v
Robert DiGesu, defendant, Susan M. Portelli, appellant.

Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Corey Wasserman of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Susan M. Portelli appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered February 19, 2020. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Susan M. Portelli pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her is granted.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained as the result of an assault by the defendant Robert DiGesu that took place at a house owned by his estranged wife, the defendant Susan M. Portelli. Portelli moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her, and the plaintiff opposed the motion. In an order entered February 19, 2020, the Supreme Court denied the motion. Portelli appeals.
In deciding a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts as alleged in the complaint to be true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Here, the plaintiff seeks to hold Portelli liable for personal injuries resulting from Portelli's alleged negligence in failing to control the conduct of a guest at her property.
Homeowners have a duty to act in a reasonable manner to prevent harm to those on their property (see D'Amico v Christie, 71 NY2d 76, 86; Victor C. v Lazo, 30 AD3d 365, 366; Chalu v Hariraj, 304 AD2d 515, 515). This includes "the duty to control the conduct of third persons on their premises when the homeowners have the opportunity to control such persons and are reasonably aware of the need for such control" (Chalu v Hariraj, 304 AD2d at 515; see D'Amico v Christie, 71 NY2d at 86; Lindskog v Southland Rest., Inc., 160 AD2d 842, 843).
Here, under the facts as alleged in the complaint, Portelli did not have the opportunity to control DiGesu's conduct (see Victor C. v Lazo, 30 AD3d at 366; Chalu v Hariraj, 304 AD2d at [*2]516), nor would it have been reasonable for her to have known of the need to control DiGesu's conduct so as to protect the plaintiff from DiGesu's unexpected assault (see Chalu v Hariraj, 304 AD2d at 516; Lindskog v Southland Rest., Inc., 160 AD2d at 843). Portelli's alleged acts or omissions were not a proximate cause of the plaintiff's injuries but "merely furnished the conditions for the event's occurrence" (Moss v New York Tel. Co., 196 AD2d 492, 493). The sole proximate cause of the plaintiff's injuries was DiGesu's assault (see Gaige v Kepler, 303 AD2d 626, 627; see also Fariello v City of New York Bd. of Educ., 199 AD2d 461, 462).
Accordingly, the Supreme Court should have granted Portelli's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against her for failure to state a cause of action.
BARROS, J.P., IANNACCI, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court