■ Ramiah Lachhonna et al., Plaintiffs, v Consolidated Edison Company of New York, Inc., Defendant and Third-Party Plaintiff-Appellant. Madison Detective Bureau, Inc., Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County (Alan J. Saks, J.), entered March 7, 1989, which, after jury trial, *inter alia,* found in favor of third-party defendant Madison Detective Bureau dismissing the third-party complaint, unanimously affirmed. The appeal from the order of the same court (Harold Tompkins, J.), entered October 24, 1988, is dismissed in view of the entry of final judgment, with costs.

The IAS court did not err in determining that the indemnification clause in a contract between Con Edison and Madison, requiring Madison to provide a uniformed security guard at Con Edison's Kingsbridge facility in Bronx County, did not obligate Madison to indemnify Con Edison for Con Edison's own acts of negligence in connection with personal injuries sustained by the plaintiff as a result of a fall on an unlit stairway at that facility. The clause in question does not set forth the "unmistakable intent" of the parties, in unambiguous, readily understandable terms, that Madison was contractually required to indemnify Con Edison for Con Edison's own acts of negligence. *(Gross v Sweet,* 49 NY2d 102, 106.)

Similarly, we find that the trial court properly granted a directed verdict in favor of Madison, dismissing Con Edison's third-party complaint. Con Edison's attempt to impute to Madison plaintiff's comparative negligence in failing to turn on a light before walking down the flight of stairs, misconstrues the laws of contribution providing that there can be no unequal apportionment of liability between a corporation vicariously liable for the acts of its employee and the employee himself, since they were responsible for but a single wrong. *(Rogers v Dorchester Assocs.,* 32 NY2d 553, 564.) Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.