■ CLAUDIA MOSS, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. (And a Third-Party Action.) [600 NYS2d 759] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated March 4, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against the defendant, New York Telephone Company, seeking damages for injuries she suffered when she was raped by an intruder in her home. She alleged, *inter alia,* that the intruder gained entry to her home through a window by climbing onto a terminal box installed by the defendant on the outside of the building and that the defendant was negligent in installing the terminal box and connecting cables near a window. The terminal box was installed in 1939, and the incident occurred in 1978.

The defendant moved for summary judgment on the ground that the plaintiff could not establish a prima facie case of negligence. In granting the motion, the Supreme Court determined that the plaintiff failed to establish that the defendant

breached a legal duty owed to her and that the alleged negligence was the proximate cause of her injuries.

We agree that the complaint must be dismissed. Before a defendant may be held liable for negligence, it must be shown that the defendant owes a duty of care to the plaintiff *(see, Pulka v Edelman,* 40 NY2d 781, 782). Whether a duty exists is a question of law for the court *(see, Eiseman v State of New York,* 70 NY2d 175, 187), which must consider the social consequences of imposing a duty and tailor any duty to be imposed in order to limit the legal consequences of wrongs to a controllable degree *(see, Eiseman v State of New York, supra; Bodaness v Staten Is. Aid,* 170 AD2d 637; *see also, Parks v Hutchins,* 162 AD2d 666, *affd* 78 NY2d 1049). We conclude that the defendant did not owe a duty to the plaintiff to prevent the misuse of its property for a criminal purpose, particularly since the defendant had no authority to control the conduct of persons who entered the plaintiff's premises *(see, e.g., Pulka v Edelman, supra; O'Britis v Peninsula Golf Course,* 143 AD2d 123). Even if we were to find that the defendant owed a duty to the plaintiff, we would nevertheless conclude that its acts or omissions were not the proximate cause of the plaintiff's injuries but merely furnished the condition for the event's occurrence *(see, e.g., Kelly v Great Neck Union Free School Dist.,* 192 AD2d 696; *Silver v Sheraton-Smithtown Inn,* 121 AD2d 711; *see generally, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.