■ Damon June et al., Plaintiffs, v Sedco Systems, Inc., Defendant. (Action No. 1.) Damon June et al., Plaintiffs, v Avdel Corporation, Defendant and Third-Party Plaintiff-Respondent. Sedco Systems, Inc., Third-Party Defendant, and International Technical Services, Third-Party Defendant-Appellant. (Action No. 2.) [610 NYS2d 570] —In an action to

recover damages for personal injuries, etc., the second third-party defendant International Technical Services appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 13, 1992, which denied its motion for summary judgment dismissing the second third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion of the second third-party defendant for summary judgment is granted, and the second third-party complaint is dismissed.

The appellant International Technical Services (hereinafter International) is engaged in the business of supplying experienced temporary employees to aircraft, aerospace, and electronics companies. In February 1986 the plaintiff Damon June, an employee of the appellant assigned to Sedco Systems, Inc. (hereinafter Sedco) was operating a riveting machine, when a rivet allegedly flew up from the machine and struck him in the eye, causing him serious injuries. As a result of the accident, the injured plaintiff and his wife commenced two separate actions, which were subsequently consolidated, against both Sedco and Avdel Corporation (hereinafter Avdel), the designer and manufacturer of the riveting machine. Avdel thereupon commenced a second third-party action against the appellant International, alleging that International had been negligent in failing to properly train the injured plaintiff in the operation of the riveting machine, and in supplying Sedco with an employee who was not competent to perform the duties assigned.

After conducting discovery, International moved for summary judgment, contending, *inter alia,* that it was free from liability as a matter of law because it did not supervise or control the injured plaintiff's work while he was assigned to Sedco. In opposition to the motion, Avdel contended that issues of fact existed as to whether International had supplied Sedco with a qualified and competent employee, stressing in support of its argument that International's vice president had admitted that International did not check the plaintiff's resume for truthfulness and accuracy. The Supreme Court denied summary judgment, concluding that International owed a legal duty to supply Sedco with a suitably qualified temporary employee, and that International had failed to establish, as a matter of law, that it had not breached this duty. We now reverse.

"Embedded in the law of this State is the proposition that a duty of reasonable care owed by the tort-feasor to the plaintiff

is elemental to any recovery in negligence" *(Eiseman v State of New York,* 70 NY2d 175, 187). Accordingly, before International may be held liable for negligence in a third-party action, it must be shown that it owed a duty to exercise reasonable care to prevent foreseeable harm to the third-party plaintiff, Avdel *(see, Eaves Brooks Costume Co. v Y.B.H. Realty Corp.,* 76 NY2d 220, 226; *Moss v New York Tel. Co.,* 196 AD2d 492). Whether a duty of care exists is a question of law to be determined by the courts, which have the responsibility, in fixing the orbit of duty, of limiting "the legal consequences of wrongs to a controllable degree" *(Eaves Brooks Costume Co. v Y.B.H. Realty Corp., supra,* at 226; *see also, Eiseman v State of New York, supra; Ingenito v Robert M. Rosen, P. C.,* 187 AD2d 487). Applying these principles to the instant case, we cannot agree that by assuming a duty to supply Sedco with a temporary employee who was suitably qualified to perform assembly work, International also assumed a duty of care which extended to Avdel, the manufacturer and designer of the riveting machine which the injured plaintiff had undisputedly been using without incident for over one week prior to his accident. In any event, even assuming that such a duty existed, Avdel's conclusory claim that International breached its duty by failing to verify the injured plaintiff's resume is insufficient to raise a triable issue of fact warranting the denial of summary judgment. In this regard, we note that Avdel failed to come forward with any evidence that the injured plaintiff's resume was inaccurate or untruthful, or any evidence of a causal connection between International's failure to verify the injured plaintiff's resume and the occurrence of the accident. Sullivan, J. P., Joy, Hart and Krausman, JJ., concur.