■ KERRY STROSCHINE, Plaintiff, v PRUDENTIAL-BACHE SECURITIES, INC., Defendant and Third-Party Plaintiff-Respondent. KNIGHT-RIDDER/CNS, Third-Party Defendant-Appellant. [616 NYS2d 545] —In a negligence action to recover damages for personal injuries, the third-party defendant Knight-Ridder/CNS appeals from an order of the Supreme Court, Queens County (Berkowitz, J.), dated March 10, 1993, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

In March 1989 the plaintiff, an employee of the third-party defendant Knight-Ridder/CNS (hereinafter CNS) was installing electronic components for CNS in an office of defendant third-party plaintiff Prudential-Bache Securities, Inc. (hereinafter Prudential). As part of the installation, the plaintiff was required to plug an extension cord into a floor outlet located under a desk.

Upon attempting to gain access to the outlet, the plaintiff found she could not reach it. Some employees of Prudential then lifted up the desk so as to permit the plaintiff to crawl under it and reach the outlet. While the plaintiff was underneath the desk she was injured.

The plaintiff then brought suit against Prudential, alleging that its employees' negligence had caused her injuries. Prudential in turn commenced a third-party action against CNS, alleging in relevant part, that CNS was negligent in its training and supervision of the plaintiff. CNS's motion for

summary judgment dismissing the third-party action was denied by the Supreme Court. We now reverse.

We agree with Prudential that in the proper case, a party can seek contribution from a plaintiff's employer if the plaintiff's injuries stem in part or in whole from a lack of training or other independent actions on the part of an employer (see, Rogers v Dorchester Assocs., 32 NY2d 553; cf., Lachhonna v Consolidated Edison Co., 170 AD2d 191). However, under the circumstances of this case, neither training of the plaintiff nor assistance by trained personnel was required.

The undisputed facts show that plaintiff was injured while attempting to plug an extension cord into an electrical outlet located under a desk. This is a task so ordinary and within the ken of the average person that there is no duty to provide instruction, warnings and/or assistance in how to perform it (see, Smith v Stark, 67 NY2d 693; Torrogrossa v Towmotor Co., 44 NY2d 709; Bazerman v Gardall Safe Corp., 203 AD2d 56). Thus, as there was no duty to instruct the plaintiff in this instance, Prudential cannot recover for any such omissions by CNS (see, Pulka v Edelman, 40 NY2d 781; see also, Prosser and Keeton, Torts § 53, at 356-357 [5th ed]). Mangano, P. J., Bracken, Lawrence and Friedmann, JJ., concur.