■ EMMA ROZHIK et al., Appellants, v 1600 OCEAN PARKWAY ASSOCIATES et al., Respondents. [617 NYS2d 535] —In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Vaccaro, J.), dated July 28, 1993, which granted the defendants' motion for summary judgment, and (2) a judgment of the same court entered August 26, 1993, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with

the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff Emma Rozhik seeks to recover damages for personal injuries arising out of a sexual assault committed by an unapprehended third party in the apartment building owned and managed by the defendants. Her husband, the plaintiff Khaim Rozhik, seeks derivative damages for loss of services. At the time of the assault, the plaintiffs were residents of the defendants' building.

The Supreme Court granted the defendants' motion for summary judgment. We affirm. The plaintiffs' submissions in opposition to the defendants' motion tended only to establish that there had been prior incidents of criminal activity in the Brooklyn neighborhood surrounding the defendants' building. Those submissions made only cursory reference to prior criminal acts on the premises over which the defendants exercised control and were thus patently insufficient to raise a triable issue of fact as to whether the defendants had such notice of prior criminal activity so as to make the assault upon Emma Rozhik foreseeable *(see, Jacqueline S. v City of New York,* 81 NY2d 288; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Grignoli v New York City Hous. Auth.,* 196 AD2d 525). Additionally, the plaintiffs failed to raise a triable issue as to whether any of the defendants' acts were a proximate cause of the assault *(see, Waters v New York City Hous. Auth.,* 69 NY2d 225; *Moss v New York Tel. Co.,* 196 AD2d 492; *cf., Clinger v New York City Tr. Auth.,* 201 AD2d 236). O'Brien, J. P., Pizzuto, Altman and Hart, JJ., concur.