■ MICHAEL KOUTSOUBIS et al., Appellants, v JOSEPH SPINOLA, Respondent, et al., Defendant. [638 NYS2d 916] —Appeal by the plaintiffs from an order of the Supreme Court, Nassau County (O'Connell, J.), dated December 19, 1994.

Ordered that the order is affirmed, with costs, for reasons stated by Justice O'Connell at the Supreme Court. Bracken, J. P., Balletta, Thompson and Sullivan, JJ., concur.

■ SAMUEL K. MATHEW et al., Respondents, v MARRIOTT FACILITY MANAGEMENT et al., Appellants. (And a Third-Party Action.) [638 NYS2d 919] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Garry, J.), dated April 20, 1994, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

We reject the appellants' arguments that the complaint should have been dismissed because the defendant Marriott Facility Management was a "special employer" of the plaintiff, and, since the plaintiff elected to receive workers' compensation benefits from a general employer, they are shielded from any action at law (see, Richiusa v Kahn Lbr. & Millwork Co., 148 AD2d 690). The question of whether a special employment relationship exists is usually an issue of fact (see, Thompson v Grumman Aerospace Corp., 78 NY2d 553, 557; Matter of Abramson v Long Beach Mem. Hosp., 103 AD2d 866), and the issue may in some cases turn on the terms of a written contract (see, Thompson v Grumman Aerospace Corp., supra, at 559). Given the provisions of the contract between the appellants and the general employer, an issue of fact remains. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.