■ JEFFREY CAMARDA et al., Plaintiffs, v SUMMIT HOMES, Defendant and Third-Party Plaintiff-Respondent. WESTERN COOLING AND HEATING, INC., Third-Party Defendant-Appellant. [649 NYS2d 463] —In an action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated September 29, 1995, as denied its cross motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the third-party complaint is dismissed.

The defendant third-party plaintiff, Summit Homes, is allegedly the owner of property at 5 Badger Road, Manorville, New York, and acted as general contractor for a construction project on the site. The plaintiff Jeffrey Camarda was an employee of the appellant Western Cooling and Heating, Inc., a subcontractor of Summit Homes. On July 22, 1991, while Camarda

was carrying a ladder on the site, he allegedly tripped over debris and sustained personal injuries. He and his wife sued Summit Homes, claiming violations of Labor Law §§ 200, 240, and 241 (6), for failure to provide a safe place to work.

Summit Homes brought a third-party action against the appellant, alleging that the appellant "knowingly and willfully directed and permitted" Camarda to do work which it knew he "could not physically do" because of a prior injury he sustained while in the appellant's employ.

After issue was joined, Summit Homes moved for summary judgment against the plaintiffs, and the appellant cross-moved to dismiss the third-party complaint.

In the order appealed from, the court held, *inter alia,* that there was an issue of fact as to whether the appellant "might have been at fault in employing plaintiff to perform the type of labor he was involved in at the time of the mishap, in view of his physical limitations incurred as the result of injuries received in a prior accident several years before". The appellant appeals from so much of the order as denied its cross motion to dismiss the third-party action. We reverse.

Since Camarda was engaged in the common and ordinary activity of carrying a ladder at the time he was injured, his employer, the appellant, cannot be held liable for failure to train, instruct, supervise, or direct him in the performance of that activity (*see, Stroschine v Prudential-Bache Sec.,* 207 AD2d 828, 829; *DeCesare v Feldmeier,* 154 AD2d 320, 321; *Dupper v Conrail,* 120 AD2d 638, 640-641). Further, the appellant owed no common-law duty to Camarda to exercise due care in its decision to hire him (*see, Rosner v Paley,* 65 NY2d 736, 738; *Vincenzino v Calvosa,* 151 Misc 2d 95; *Glidden v Bath Iron Works Corp.,* 143 Me 24, 54 A2d 528; *Tennessee Coal Iron & R. R. Co. v Moody,* 192 Ala 364, 68 So 274; *cf., Golden v Register,* 50 NC App 650, 274 SE2d 892). Accordingly, the third-party complaint must be dismissed. Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.