■ ANNA LATTANZI et al., Respondents-Appellants, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent, and WALSH CONSTRUCTION COMPANY, Respondent. CRICKETT PERSONNEL SERVICES, INC., Third-Party Defendant-Respondent-Appellant. [655 NYS2d 398] —In an action to recover damages for personal injuries, etc., (1) the defendant International Business Machines Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Cowhey, J.), entered February 14, 1996, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, (2) the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Walsh Construction Company which was for summary judgment dismissing the plaintiffs' Labor Law § 200 cause of action insofar as asserted against it, and (3) the third-party defendant, Crickett Personnel Services, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the third-party complaint of the defendant International Business Machines Corporation and the cross claim of the defendant Walsh Construction Company. The appeals bring up for review so much of an order of the same court, entered May 29, 1996, as resettled the order dated February 14, 1996, and granted the same relief (see, CPLR 5517).

Ordered that the appeal and cross appeals from the order entered February 14, 1996, are dismissed, without costs or disbursements, as that order was superseded by the resettled order entered May 29, 1996; and it is further,

Ordered that the resettled order is modified, on the law, by deleting the provision thereof which denied the third-party defendant's cross motion for summary judgment dismissing the third-party complaint of the defendant International Business Machines Corporation and the cross claim of the defendant Walsh Construction Company, and substituting therefor a provision granting the cross motion; as so modified, the resettled order is affirmed insofar as reviewed; and it is further,

Ordered that the third-party defendant is awarded one bill of costs, payable by the defendants International Business Machines Corporation and Walsh Construction Company, the plaintiffs are awarded one bill of costs, payable by the defen-

dant International Business Machines Corporation, and the defendant Walsh Construction Company is awarded one bill of costs, payable by the plaintiffs.

The Supreme Court properly denied the motion of the defendant International Business Machines Corporation (hereinafter IBM) for summary judgment dismissing the plaintiffs' complaint insofar as asserted against it, as there are questions of fact on this record as to whether IBM was the plaintiff Anna Lattanzi's "special employer" (*see, Mathew v Marriott Facility Mgt.*, 224 AD2d 668; *cf., Thompson v Grumman Aerospace Corp.*, 78 NY2d 553; *Cameli v Pace Univ.*, 131 AD2d 419).

The defendant Walsh Construction Company (hereinafter Walsh) was properly granted summary judgment dismissing the plaintiffs' Labor Law § 200 cause of action, as the evidence establishes that the plaintiffs' accidents occurred as a result of IBM's operations, over which Walsh exercised no direction and control (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876).

The third-party defendant, the plaintiff Anna Lattanzi's employer, should have been granted summary judgment dismissing the indemnity/contribution causes of action asserted against it by each defendant. The third-party defendant had no duty to provide the plaintiff Anna Lattanzi with instructions, warnings, or assistance on the performance of tasks which are ordinary and within the ken of the average person (*see, Camarda v Summit Homes*, 233 AD2d 285; *Stroschine v Prudential-Bache Sec.*, 207 AD2d 828). The third-party defendant did not otherwise control the worksite where the plaintiff Anna Lattanzi was injured. Copertino, J. P., Sullivan, Friedmann and Goldstein, JJ., concur.