■ PETER DIMAGGIO, Appellant-Respondent, v. J. FLETCHER CREAMER & SON, INC., Defendant and Third-Party Plaintiff-

Respondent-Appellant. CARABIE CORPORATION, Third-Party Defendant-Respondent. [658 NYS2d 967] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 25, 1996, as granted those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the plaintiff's causes of action under Labor Law §§ 200, 241 (6). The defendant third-party plaintiff cross appeals from so much of the same order as denied, as academic, that branch of its motion which was for summary judgment against the third-party defendant on the issue of indemnification.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that the defendant third-party plaintiff is not aggrieved by the order cross-appealed from (see, CPLR 5511; see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The cause of action pursuant to Labor Law § 241 (6) was properly dismissed as the plaintiff failed to cite an Industrial Code regulation containing concrete specifications applicable to the facts of this case (see, McCole v City of New York, 221 AD2d 605; see also, Phillips v City of New York, 228 AD2d 570; Webber v City of Dunkirk, 226 AD2d 1050). The cause of action under Labor Law § 200 was properly dismissed because the accident occurred as the result of the subcontractor's method of operation, and the defendant general contractor exercised no supervision and control over the subcontractor's work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876; Lombardi v Stout, 80 NY2d 290; Lattanzi v International Bus. Machs. Corp., 237 AD2d 259).

In light of the foregoing, we do not reach the defendant's remaining contention. Bracken, J. P., Sullivan, Santucci and Altman, JJ., concur.