■ LAURA MANGIAFRENO et al., Plaintiffs, v WIKSTROM MACHINES, INC., Respondent and CONTROL DATA CORPORATION, Defendant and Third-Party Plaintiff-Respondent. BRITE OFFICE CLEANING CORP., Third-Party Defendant-Appellant. [663 NYS2d 860] —In a negligence action to recover damages for personal injuries, etc., the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated September 12, 1996, as denied those branches of its motion which were for summary judgment dismissing the cause of action asserted in the third-party complaint for contribution based on negligence in training, equipping, and supervising the injured plaintiff, and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the third-party defendant's motion which were for summary judgment dismissing the cause of action asserted in the third-party complaint for contribution based on negligence in training, equipping, and supervising the injured plaintiff and all cross claims insofar as asserted against it are granted, and the third-party complaint is dismissed in its entirety.

The injured plaintiff allegedly suffered injuries as an employee of the appellant when the cleaning cart she was pushing rolled down a decline in the floor, causing her to lose her balance and fall. This activity is "so ordinary and within the ken of the average person, that there is no duty to provide instruction, warnings and/or assistance in how to perform it" (*Stroschine v Prudential-Bache Sec.*, 207 AD2d 828, 829; *see, Lattanzi v International Bus. Mach. Corp.*, 237 AD2d 259, *Camarda v Summit Homes*, 233 AD2d 285; *June v Sedco Sys.*, 203 AD2d 423). Accordingly, the court should have dismissed the third-party complaint and all cross claims insofar as asserted against the appellant. Rosenblatt, J. P., O'Brien, Thompson, Friedmann and Goldstein, JJ., concur.