■ DAPHNEY CAYO, an Infant, by Her Father and Natural Guardian, DAVID CAYO, et al., Respondents, v SUPERMARKETS GENERAL CORPORATION, Appellant. [668 NYS2d 703] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated April 1, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted, and the complaint is dismissed.

The infant plaintiff was sexually assaulted by an unapprehended assailant who allegedly found her wandering in the aisles of the supermarket and took her to a storage area in the back of the store, where he engaged in the criminal activity. The defendant moved for summary judgment on the ground that, as a matter of law, the assailant's criminal activity was not foreseeable.

Whether knowledge of prior criminal activities is sufficient to make an injury to a plaintiff foreseeable to an owner or possessor of land "must depend on the location, nature and extent of those criminal activities and their similarity, proximity or other relationship to the crime in question" (*Jacqueline S. v City of New York*, 81 NY2d 288, 295).

The defendant admitted to knowledge of some criminal activity over the past several years in this supermarket, including petty theft, employee misconduct, and an armed robbery, all of which occurred primarily at the front of the supermarket. Nevertheless, there was insufficient admissible evidence presented by the plaintiffs, as the opposing parties, to raise a triable issue that the sexual assault of the infant plaintiff was foreseeable or that the defendant's actions were a proximate cause of the injury (*see*, CPLR 3212; *Zuckerman v City of New York*, 49

NY2d 557, 562). Under the circumstances, the court erred in denying the defendant's motion for summary judgment. Ritter, J. P., Altman, Friedmann and Luciano, JJ., concur.