■ BRAD GREEN, Appellant, v GRAND BALDWIN ASSOCIATES et al., Respondents, et al., Defendants. [669 NYS2d 322] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated February 20, 1997, as granted the motion of the defendants Grand Baldwin Associates c/o Rosen Associates and Rosen Associates for summary judgment dismissing the complaint and cross claims insofar as asserted against them, and (2) so much of an order of the same court, dated June 19, 1997, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated February 20, 1997, is dismissed, as that order was superseded by the order dated June 19, 1997, made upon reargument; and it is further,

Ordered that the order dated June 19, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

In order to recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises (*see, Jacqueline S. v City of New York,* 81 NY2d 288, 294-295; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520). Here, the Supreme Court properly found that, after the respondents made a prima facie case for summary judgment, the plaintiff's proof failed to raise a triable question of whether the respondents had such notice of prior

criminal activity so as to make the shooting of the plaintiff foreseeable (*see, Francis v Ocean Vil. Apts.*, 222 AD2d 551; *Harris v New York City Hous. Auth.*, 194 AD2d 714; *Iannelli v Powers*, 114 AD2d 157). Mangano, P. J., Bracken, Copertino and Santucci, JJ., concur.