■ Joseph T. Lind et al., Appellants, v Suffolk County Water Authority, Respondent. (And a Third-Party Action.)

[673 NYS2d 215] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), dated April 10, 1997, which, upon granting the defendant's motion made at the close of the plaintiffs' case to dismiss the action for failure to prove a prima facie case, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff Joseph T. Lind was injured when he fell into a manhole while working on property owned by the defendant Suffolk County Water Authority. The plaintiffs alleged that vandals had replaced the manhole cover with a thin piece of plywood, and created a trap by disguising the missing cover with dirt and leaves. The plaintiffs subsequently commenced this action against the defendant property owner, claiming that its negligent failure to provide adequate security was a proximate cause of the accident.

Contrary to the plaintiffs' contention, the trial court properly granted the defendant's motion to dismiss the complaint at the close of their case. In order to recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a plaintiff must produce evidence indicating such criminal acts were foreseeable. It must be established that the owner knew or should have known of past criminal conduct on the part of third persons which was likely to be repeated and thereby endanger the safety of those lawfully on the premises (*see, Jacqueline S. v City of New York,* 81 NY2d 288, 294-295). Whether knowledge of prior activities is sufficient to make an injury foreseeable "must depend on the location, nature and extent of those previous criminal activities and their similarity, proximity or other relationship to the crime in question" (*Jacqueline S. v City of New York, supra,* at 295). At trial, the plaintiffs adduced evidence of prior acts of trespassers who spray-painted graffiti, littered, and overturned equipment. Knowledge of those prior incidents did not, however, make it reasonably foreseeable that vandals would engage in conduct likely to endanger the safety of persons on the property (*see, Cayo v Supermarkets Gen. Corp.,* 247 AD2d 421; *Lauersdorf v Supermarket Gen. Corp.,* 239 AD2d 319; *Karp v Saks Fifth Ave.,* 225 AD2d 1014).

We further note that the result would not be different had the court allowed into evidence a facsimile transmission authored by a geologist in the defendant's employ concerning vandalism in the area. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.