■ ELLIS HERNANDEZ et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. HARDIE & ASSOCIATES, Third-Party Defendant-Respondent. (Action No. 1.) ELLIS HERNANDEZ et al., Respondents, v B.G. NATIONAL PLUMBING & HEATING, INC., Appellant. (Action No. 2.) [694 NYS2d 752] —In two related actions to recover damages for personal injuries, etc., the defendant in Action No. 1 and the defendant in Action No. 2 appeal from (1) an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 30, 1998, which granted the motion of Hardie & Associates, the third-party defendant in Action No. 1, for summary judgment dismissing the third-party complaint in Action No. 1, and (2) an order of the same court, dated August 10, 1998, which denied their motions for summary judgment dismissing the plaintiffs' causes of action, *inter alia*, under Labor Law §§ 200, 240 (1), and § 241 (6).

Ordered that the appeal by the defendant in Action No. 2 from the order dated April 30, 1998, is dismissed, as that defendant is not aggrieved by that order (*see,* CPLR 5511); and it is further,

Ordered that the order dated April 30, 1998, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 10, 1998, is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motions which were for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 240 (1) and § 241 (6), and substituting therefor provisions granting those branches of the motions and dismissing those causes of action; as so modified, the order is affirmed; and it is further,

Ordered that Hardie & Associates is awarded one bill of costs payable by the appellants.

The injured plaintiff suffered injuries while doing a field survey at a public school in Brooklyn. In an effort to count and/or measure steam traps located within a crawl space approximately eight feet from the ground, the injured plaintiff climbed up an allegedly defective steel ship ladder which was permanently affixed to the basement wall. Upon the completion of his survey, the injured plaintiff descended the ladder and, as he was doing so, slipped and fell to the ground. He claimed that water in the basement caused his shoes to become wet, and contributed to his fall.

There are issues of fact which preclude granting the defendants summary judgment with respect to the causes of action sounding in common law negligence and Labor Law § 200 (*see, Lombardi v Stout,* 80 NY2d 290; *Seaman v Chance Co.,* 197 AD2d 612; *Mantovi v Nico Constr. Co.,* 217 AD2d 650).

With respect to the remaining causes of action, the injured plaintiff, at the time of the accident, was not engaged in an enumerated activity protected under Labor Law § 240 (1) and § 241 (6) (*see, Martinez v City of New York,* 93 NY2d 322; *Shields v St. Marks Hous. Assocs.,* 230 AD2d 903; *Sandi v Chaucer Assocs.,* 170 AD2d 663). In any event, the Board of Education of the City of New York neither owned the premises nor contracted for the work. Therefore, it cannot be held liable pursuant to these provisions (*see, Kowalska v Board of Educ.,* 260 AD2d 546).

Since the injured plaintiff was engaged in the common and ordinary activity of descending a ladder at the time he was injured, his employer, the third-party defendant Hardie & Associates, cannot be held liable for failure to train, instruct, supervise, or direct him in the performance of that activity. Thus, the court properly dismissed the third-party complaint against Hardie & Associates (*see, Camarda v Summit Homes,* 233 AD2d 285; *Stroschine v Prudential-Bache Sec.,* 207 AD2d 828). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.