■ JOSEPH R. DONOHUE et al., Appellants, v SEAMAN'S FURNITURE CORPORATION, Respondent. (And a Third-Party Action.) [705 NYS2d 291] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 29, 1999, which, in effect, granted leave to renew the defendant's motion for summary judgment dismissing the complaint, and adhered to its prior order dated July 27, 1998, granting that motion.

Ordered that the order is affirmed, with costs.

Upon, in effect, granting the plaintiffs' motion for leave to renew the defendant's motion for summary judgment dismissing the complaint, the Supreme Court correctly adhered to its prior determination granting that motion. The defendant had a common-law duty to take reasonable measures to maintain its property in a reasonably safe condition (*see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *Basso v Miller,* 40 NY2d 233; *Novikova v Greenbrier Owners Corp.,* 258 AD2d 149), including a duty to take precautions against "a third party's foreseeable criminal conduct" (*Burgos v Aqueduct Realty Corp.,* 92 NY2d 544, 548; *see, Nallan v Helmsley-Spear, Inc., supra*; *Novikova v Greenbrier Owners Corp., supra*). The Supreme Court correctly determined, however, that the criminal assault upon the injured plaintiff was not foreseeable as a matter of law, as it was not "reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Novikova v Greenbrier Owners Corp., supra,* at 153; *see, Lind v Suffolk County Water Auth.,* 251 AD2d 295, 296; *Cayo v Supermarkets Gen. Corp.,* 247 AD2d 421). Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.