■ JAMES TANCREDI, Respondent, v HELMSLEY-SPEAR, INC., et al., Appellants, et al., Defendants. [708 NYS2d 471] —In an ac-

tion to recover damages for personal injuries, the defendants Helmsley-Spear, Inc., and Fifth Avenue Building Associates appeal from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated May 25, 1999, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff was employed as a foreman for Royal Construction Company (hereinafter Royal), which was a tenant in a building owned by the appellant Fifth Avenue Building Associates, and managed by the appellant Helmsley-Spear, Inc. The building was the scene of picketing by the members of a certain union. On the date of the incident, the plaintiff was attempting to make a delivery of sheet rock to Royal, and sought to use the freight elevator. A union shop steward objected to this, apparently upset by the plaintiff's failure to honor the picket line. The shop steward became involved in an argument with an assistant superintendent of the building, and as the plaintiff attempted to intervene in the dispute, he was pushed into a crowd of strikers on the sidewalk outside the building, where he was beaten.

The record contains evidence that the appellants' representative called the police as a precautionary measure upon learning of the expected delivery to Royal, and that police officers were at the location and came to the plaintiff's aid after he was assaulted by the union members. The relatively minor incidents which preceded the assault in question would not have rendered this type of violent criminal conduct foreseeable. Finally, the assault itself occurred on a public sidewalk, over which the appellants had no right to exercise control. Under these circumstances, the appellants demonstrated their entitlement to summary judgment dismissing the complaint insofar as asserted against them (*see, e.g., Waters v New York City Hous. Auth.,* 69 NY2d 225; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149; *Evans v 141 Condominium Corp.,* 258 AD2d 293; *Yanas v Chester Investigational Agency,* 230 AD2d 845). Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.