■ JULIO ALONSO, Respondent, v ANTONIO BRANCHINELLI et al., Appellants, and FAMILY MINI MARKET, INC., et al., Respondents. [715 NYS2d 761] —In an action to recover damages for personal injuries, the defendants Antonio Branchinelli and Rosetta Branchinelli appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated June 7, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff was assaulted by certain unidentified persons while playing pool in the basement of a grocery store. The appellants Antonio Branchinelli and Rosetta Branchinelli leased space in the building they owned to the grocery store owners. The plaintiff commenced this action against, among others, the Branchinellis, alleging that they were aware of gambling on the premises and that his injuries were proximately caused by their failure to protect visitors from such criminal activity.

A property owner is obligated to take reasonable precautionary measures to minimize the risk of criminal acts and to make the premises safe for visitors when the owner is aware from past experience that there is a likelihood of conduct on the part of third parties that would endanger visitors (see, *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 151). Moreover, a property owner has the duty to control the conduct of third persons

present on the premises when the owner has the opportunity to control such persons or is reasonably aware of the necessity of such control (*see, D'Amico v Christie,* 71 NY2d 76, 85; *Lindskog v Southland Rest.,* 160 AD2d 842).

The appellants established that they had no notice of the alleged criminal activity on the premises. Therefore, they did not breach their common-law duty to protect the plaintiff from the foreseeable criminal acts of third parties. The evidence presented by the plaintiff, which consisted of mere hearsay statements regarding previous criminal activity on the premises and general crime statistics for the neighborhood, was insufficient to present a triable issue of fact (*see, Novikova v Greenbriar Owners Corp., supra; Rozhik v 1600 Ocean Parkway Assocs.,* 208 AD2d 913).

Similarly, the plaintiff's claim based on an alleged violation of Real Property Law § 231 (2) should have been dismissed as the plaintiff failed to "show that [the appellants were] given notice of repeated criminal activity on the premises such that the risk of injury was likely * * * and * * * that a causal relationship existed between the complained of activities and plaintiff's injuries" (*Maria S. v Willow Enters.,* 234 AD2d 177, 178-179). Accordingly, the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them should have been granted. O'Brien, J. P., Thompson, S. Miller and Feuerstein, JJ., concur.