■ RAKHIL MAZURENKO, Respondent, v BEACH HAVEN APTS. #6, INC., Appellant. [721 NYS2d 838] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated October 18, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

"To recover damages from an owner of real property for injuries caused by criminals acts on the premises, a plaintiff must produce evidence indicating that the owner knew or should have known of the probability of criminal conduct by third persons that was likely to endanger the safety of those lawfully on the premises" (*Davila v 1750 Realty Assocs.,* 268 AD2d 553; *see, Jacqueline S. v City of New York,* 81 NY2d 288; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507).

The criminal assault upon the plaintiff was not foreseeable as a matter of law, as the criminal conduct was not "reasonably predictable based on the prior occurrence of the same or similar criminal activity at a location sufficiently proximate to the subject location" (*Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 153; *see, Ospina v City of New York,* 214 AD2d 551; *Cayo v Supermarkets Gen. Corp.,* 247 AD2d 421; *Tarter v Schildkraut,* 151 AD2d 414). Moreover, the defendant's alleged acts or omissions were not a proximate cause of the plaintiff's injuries but merely furnished the condition for the event's occurrence (*see, Moss v New York Tel. Co.,* 196 AD2d 492; *Rozhik v 1600 Ocean Parkway Assocs.,* 208 AD2d 913). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.