■ ILONA ERLICH, Appellant, v GREENACRE ASSOCIATES et al., Respondents, et al., Defendants. (And a Third-Party Action.) [744 NYS2d 190] —In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 16, 2001, which, inter alia, granted the motion of the defendants Greenacre Associates and Broadwall Management Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

On July 31, 1996, the plaintiff's husband was shot and killed during a robbery attempt in the parking lot at Mayfield Estates, an apartment complex owned and managed by the defendants Greenacre Associates and Broadwall Management Corp. (hereinafter the defendants). At the time of the incident, the plaintiff and the decedent were tenants at Mayfield Estates, which was located directly across the street from and to the rear of the Green Acres Shopping Center in Valley Stream. The plaintiff commenced this action seeking damages arising from negligence. The defendants, inter alia, moved for summary judgment dismissing the complaint insofar as asserted against them, on the grounds that the plaintiff failed to establish that they had notice of any criminal activity at the apartment complex, or that their alleged breach of duty proximately caused the decedent's death. The plaintiff opposed the motion by submitting, inter alia, records of crimes reported to the Nassau County Police Department. While none of those incidents occurred at the apartment complex, a majority of them occurred at the Green Acres Shopping Center. The Supreme Court granted the defendants' motion. We affirm.

The plaintiff's submissions in opposition to the defendants' prima facie establishment of its entitlement to summary judgment failed to raise an issue of fact as to whether the defendants had notice of prior criminal activity to make the shooting of the decedent foreseeable (*see Alonso v Branchinelli,* 277 AD2d 408, 409; *Lind v Suffolk County Water Auth.,* 251 AD2d 295, 296; *Cayo v Supermarkets Gen. Corp.,* 247 AD2d 421; *Rozhik v 1600 Ocean Parkway Assoc.,* 208 AD2d 913, 914; *compare Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520). Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.