■ CAMERON PLOCAS, Respondent, v BEST WESTERN HOTEL & CONVENTION CENTER et al., Appellants. [751 NYS2d 878] —In an action to recover damages for personal injuries, the defendants separately appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered January 4, 2002, which denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint is dismissed.

The plaintiff was robbed and assaulted in a parking garage jointly operated by the defendants. An owner or possessor of real property is obligated to take reasonable precautionary measures to minimize the risks of criminal acts and to make the premises safe for visitors (*see Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-521; *Alonso v Branchinelli,* 277 AD2d 408; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149; *Dillman v Bohemian Citizens Benevolent Socy.,* 227 AD2d 434, 435). Contrary to the plaintiff's contention, his submission in opposition to the motions, after the defendants established their prima facie entitlement to summary judgment, failed to raise a triable issue of fact as to whether the defendants knew

of previous criminal activity at the location which would make the robbery and assault foreseeable, and whether the security provided by the defendants was inadequate (*see Erlich v Greenacre Assoc.,* 295 AD2d 558, *lv denied* 99 NY2d 501; *Pascarelli v LaGuardia Elmhurst Hotel Corp.,* 294 AD2d 343, 344; *see also Burgos v Aqueduct Realty Corp.,* 92 NY2d 544; *Tancredi v Helmsley-Spear, Inc.,* 273 AD2d 223, 224; *cf. James v Jamie Towers Hous. Co.,* 294 AD2d 268, *lv denied* 98 NY2d 762). Altman, J.P., Smith, H. Miller and Mastro, JJ., concur.