■ VINCENT FARRELL et al., Appellants, v EDDIE A. VEGA et al., Defendants, and PETER NOTARNICOLA et al., Respondents. [756 NYS2d 871] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated February 25, 2002, as granted the motion of the defendants Peter Notarnicola and Peter Notarnicola, Jr., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

To recover damages from an owner of real property for injuries caused by the acts of criminals on the premises, a

plaintiff must produce evidence indicating that the owner knew or should have known of the probability of conduct on the part of third persons which was likely to endanger the safety of those lawfully on the premises (*see Jacqueline S. v City of New York,* 81 NY2d 288, 294-295 [1993]; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519 [1980]). Here, the Supreme Court properly found that, after the respondents established their prima facie entitlement to summary judgment, the plaintiffs failed to raise a triable issue of fact as to whether the respondents had such notice of prior criminal activity to make the assault upon the plaintiff Vincent Farrell foreseeable (*see Erlich v Greenacre Assoc.,* 295 AD2d 558 [2002], *lv denied* 99 NY2d 501 [2002]; *Alonso v Branchinelli,* 277 AD2d 408, 409 [2000]; *Davila v 1750 Realty Assoc.,* 268 AD2d 553 [2000]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 152 [1999]; *Cooney v Town of Oyster Bay,* 251 AD2d 364 [1998]; *Green v Grand Baldwin Assoc.,* 247 AD2d 511 [1998]). Accordingly, the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them was properly granted. Florio, J.P., S. Miller, Crane and Rivera, JJ., concur.