■ JOSEPH M. QUINTAVALLE et al., Respondents-Appellants, v MITCHELL BACKHOE SERVICE, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent, and 65 GREENFIELD DEVELOPMENT CORP., Appellant-Respondent. MICHAEL QUINTAVALLE TREE SERVICE, INC., Third-Party Defendant. [761 NYS2d 841] —In an action to recover damages for personal injuries, etc., the defendants Mitchell Backhoe Service, Inc., and 65 Greenfield Development Corp. separately appeal, as limited by their re-

spective briefs, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 28, 2002, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as withdrawn; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the motions are granted, and the complaint and the third-party complaint are dismissed; and it is further,

Ordered that one bill of costs is awarded to the defendants Mitchell Backhoe Service, Inc., and 65 Greenfield Development Corp.

On June 22, 1999, the injured plaintiff Joseph Michael Quintavalle (hereinafter the plaintiff), the owner of the third-party defendant Michael Quintavalle Tree Service, Inc., allegedly sustained injuries while cutting down a tree on certain property owned by the defendant 65 Greenfield Development Corp. (hereinafter Greenfield). The defendant third-party plaintiff Mitchell Backhoe Service, Inc. (hereinafter Mitchell Backhoe) was retained by Greenfield to perform excavation work at the site. The plaintiff and his wife commenced this action against Mitchell Backhoe and Greenfield alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6). Mitchell Backhoe and Greenfield separately moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied their motions. We reverse.

The defendants established their entitlement to summary judgment on the cause of action pursuant to Labor Law § 200 by demonstrating that the accident occurred as the result of the plaintiff's method of operation, and that they did not exercise any supervision or control over the plaintiff's work (see *Mas v Kohen,* 283 AD2d 616 [2001]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The defendants also established their entitlement to summary judgment on the cause of action pursuant to Labor Law § 240 (1). In opposition, the plaintiffs failed to raise a triable issue of fact that "the object fell, while being hoisted or secured, because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 268 [2001] [emphasis in original]).

The cause of action pursuant to Labor Law § 241 (6) should have been dismissed since the plaintiffs failed to cite an Industrial Code regulation containing concrete specifications

applicable to the facts of this case (*see DiMaggio v Creamer & Son,* 239 AD2d 458 [1997]).

Greenfield's remaining contention is academic.

Since the main action is being dismissed, the third-party action must also be dismissed. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.