VINCENT DAQUARO et al., Respondents, v MODERN CONTINENTAL CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. TRICON ENTERPRISES, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [777 NYS2d 707]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated September 2, 2003, as denied its motion for conditional summary judgment on its third-party cause of action for contractual indemnification against the third-party defendant.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In support of its motion for conditional summary judgment on its third-party cause of action for contractual indemnification, the defendant third-party plaintiff Modern Continental Construction Co., Inc. (hereinafter Modern), failed to establish its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Since an issue of fact exists as to whether Modern was negligent, its motion was properly denied (see Patterson v New York City Tr. Auth., 5 AD3d 454 [2004]; Stevenson v Alfredo, 277 AD2d 218, 220 [2000]).

Furthermore, we decline Modern's invitation to search the record and grant summary judgment in its favor dismissing the plaintiffs' Labor Law § 240 (1) claim. A question of fact exists regarding whether the object which struck the plaintiff Vincent Daquaro fell "because of the absence or inadequacy of a safety device of the kind enumerated in the statute" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 268 [2001]; cf. Quintavalle v Mitchell Backhoe Serv., 306 AD2d 454 [2003]; Orner v Port Auth. of N.Y. & N.J., 293 AD2d 517 [2002]). Therefore, summary judgment with respect to the Labor Law § 240 (1) claim is inappropriate (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).

Modern's remaining contentions are without merit. Santucci, J.P., Smith, Crane and Fisher, JJ., concur.