Mancusi v Avalonbay Communities, Inc. (2021 NY Slip Op 06090)





Mancusi v Avalonbay Communities, Inc.


2021 NY Slip Op 06090


Decided on November 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 09, 2021

Before: Manzanet-Daniels, J.P., Oing, Moulton, Scarpulla, JJ. 


Index No. 156626/15, 595242/16, 595084/18 Appeal No. 14572 Case No. 2021-02444 

[*1]Vincent Mancusi, Plaintiff-Respondent,
v
Avalonbay Communities, Inc., et al., Defendants-Respondents. And a Third-Party Action.
Avalonbay Communities, Inc., et al., Second Third-Party Plaintiffs-Respondents,
v
S.J. Electric, Inc., Second Third-Party Defendant-Appellant.


O'Connor Redd Orlando LLP, Port Chester (Peter Urreta of counsel), for appellant.
Harrington, Ocko & Monk, LLP, White Plains (I. Paul Howansky of counsel), for respondents.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about May 5, 2020, which, to the extent appealed from as limited by the briefs, denied second third-party defendant S.J. Electric, Inc.'s (SJE) motion for summary judgment dismissing contractual indemnification claim as against it, and granted defendants/second third-party plaintiffs' cross motion for conditional summary judgment on the contractual indemnification claim, unanimously affirmed, without costs.
The provision requiring indemnification by SJE was triggered, since the injuries to plaintiff, an SJE employee, arose out of the performance of the work (see Aramburu v Midtown W. B, LLC, 126 AD3d 498, 500-501 [1st Dept 2015]; Fuger v Amsterdam House for Continuing Care Retirement Community, Inc., 117 AD3d 649, 650 [1st Dept 2014]). Whether SJE was negligent is irrelevant, since according to the terms of the provision, it may be required to provide indemnification even when it is not negligent (see Santos v BRE/Swiss, LLC, 9 AD3d 303, 304 [1st Dept 2004]). Further, the indemnification provision, which has a savings clause limiting any indemnification to the extent permitted by law, does not violate General Obligations Law § 5-322.1(1), which allows contractual provisions requiring indemnification whether or not the promisor is partially negligent (see Ramirez v Almah, LLC, 169 AD3d 508, 509 [1st Dept 2019]; Radeljic v Certified of N.Y., Inc., 161 AD3d 588, 590 [1st Dept 2018]).
Contrary to SJE's contention, the laws of contribution, which provide that there can be no unequal apportionment of liability between an employer vicariously liable for the acts of its employees and the employee himself, do not apply here, since there is no common-law contribution claim at issue (see Lachhonna v Consolidated Edison Co. of N.Y., 170 AD2d 191, 191 [1st Dept 1991]; see also Kendall v Venture Dev., 206 AD2d 797, 799 n 3 [3d Dept 1994]).
We have considered SJE's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2021