■ James Coleman, Respondent, v City of New York, Defendant and Third-Party Plaintiff-Appellant. New York City Transit Authority, Third-Party Defendant-Appellant. [646 NYS2d 526] —In an action to recover damages for personal injuries, the defendant third-party plaintiff City of New York and the third-party defendant New York City Transit Authority separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Ramirez, J.), entered October 5, 1994, as, upon an order of the same court (Hutcherson, J.), dated September 3, 1991, *inter alia,* granting the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), is in favor of the plaintiff and against the defendant third-party plaintiff in the principal sum of $444,039.64.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.

On May 13, 1988, the plaintiff, a "structure maintainer" employed by the third-party defendant New York City Transit Authority (hereinafter NYCTA), was injured when he fell from an elevated canopy located at the Fourth Avenue and Ninth Street subway station in Brooklyn. The plaintiff commenced an action against the defendant City of New York, and the City commenced a third-party action against the plaintiff's employer, the NYCTA.

In opposition to the plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1), the City argued, *inter alia,* that it had leased all "the transit facilities" which it owned to the NYCTA, and thus it could not be considered an "owner" within the meaning of Labor Law § 240 (1). This argument is without merit *(see, Gordon v Eastern Ry. Supply,* 82 NY2d 555). The Court of Appeals stated in *Gordon v Eastern Ry. Supply (supra,* at 560), that "[l]iability rests upon the fact of ownership and whether [the defendant] has contracted for the work or benefitted from it are legally irrelevant". The Court of Appeals specifically held that "when the Legislature imposed the duties of section 240 (1) on '[a]ll * * *owners' it intended to include owners in fee even though the property might be leased to another" *(Gordon v Eastern Ry. Supply, supra,* at 560; *see also, Celestine v City of New York,* 86 AD2d 592, *affd* 59 NY2d 938; *Shoemaker v State of New York,* 186 AD2d 1028).

The remaining arguments raised by the defendant and the

third-party defendant are either unpreserved for appellate review or without merit. Mangano, P. J., Rosenblatt, Pizzuto and Hart, JJ., concur.