■ ROBERT WALLIN et al., Appellants, v CITY OF NEW YORK, Respondent. [649 NYS2d 159] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated August 9, 1994, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's cross motion for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

There is no merit to the contention of the defendant City of New York (hereinafter the City) that it was not the "owner" of the subway system within the meaning of Labor Law § 240 because it leased the subway system to the New York City Transit Authority (*see, Gordon v Eastern Ry. Supply,* 82 NY2d 555; *Grindley v Town of Eastchester,* 213 AD2d 448; *Shoemaker v State of New York,* 186 AD2d 1028).

While the City also argues that the plaintiff was not engaged in an activity covered under Labor Law § 240, the City would not be entitled to summary judgment on this factual issue because it failed to present evidentiary proof in admissible form in support of this issue (*see, Zuckerman v City of New York,* 49 NY2d 557). In any event, the track replacement work in which the injured plaintiff was allegedly engaged at the time of his accident constitutes "repair" or "alteration" work within the meaning of Labor Law § 240 (1) (*see, Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523; *Vessio v Ador Converting & Biasing,* 215 AD2d 648). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.