■ NICHOLAS MANCUSO et al., Appellants, v RUDOLPH F. CREW et al., Respondents. [679 NYS2d 324] —In an action, *inter alia,* to recover damages based on a purported violation of

Labor Law § 191, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 25, 1997, as granted those branches of the defendants' motion which were to dismiss (a) the complaint insofar as asserted against the City of New York and (b) so much of the first cause of action asserted against Rudolph Crew and the Board of Education of the City of New York as sought damages based on a violation of Labor Law § 191.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly concluded that, pursuant to Labor Law § 190 (3), the Board of Education of the City of New York (hereinafter the Board of Education), as a State agency, is exempt from the provisions of Labor Law § 191 (*see generally, City of New York v State of New York,* 86 NY2d 286, 290; *Matter of Maloff v City Commn. on Human Rights,* 38 NY2d 329, 332). Furthermore, the court correctly concluded that because the Board of Education is not a department of the City of New York, but is an independent corporate body, the City of New York cannot be held responsible for the acts or omissions of the Board of Education (*see, H & J Floor Covering v Board of Educ.,* 66 AD2d 588, 593-594). Mangano, P. J., Joy, Friedmann and Goldstein, JJ., concur.