■ LUCYNA KOWALSKA et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. PROJECT DEVELOPMENT GROUP, INC., Third-Party Defendant-Appellant. [688 NYS2d 598] —In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated February 24, 1998, which (1) granted the plaintiffs' motion for summary judgment on the issue of liability against the defendant on the causes of action

pursuant to Labor Law § 240 (1) and § 241 (6), (2) granted that branch of the defendant's cross motion which was for indemnification against it, (3) denied that branch of the defendant's cross motion, in which it joined, which was for summary judgment dismissing the complaint, and (4) denied that branch of its cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the plaintiffs' motion and substituting therefor a provision denying the plaintiffs' motion, (2) deleting the provision thereof granting that branch of the defendant's cross motion which was for indemnification against the appellant with respect to the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) and substituting therefor a provision denying that branch of the defendant's cross motion, and (3) deleting the provisions thereof denying those branches of the respective cross motions of the defendant and the appellant which were for summary judgment dismissing the causes of action pursuant to Labor Law § 240 (1) and § 241 (6) and substituting therefor a provision granting those branches of the respective cross motions; as so modified, the order is affirmed, with costs to the appellant.

The plaintiff Lucyna Kowalska allegedly sustained personal injuries while working for the third-party defendant on an asbestos-removal project within a New York City public school. The plaintiffs allege that a "cage light" that had been affixed to a wall somehow became dislodged and fell on her head. The plaintiffs' complaint asserted, *inter alia*, claims predicated upon Labor Law § 240 (1) and § 241 (6).

The Supreme Court erred insofar as it concluded that the defendant Board of Education of the City of New York (hereinafter the Board), was liable as a matter of law on the plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action. The Board conclusively demonstrated that, pursuant to New York City Charter § 521 (a), the subject school building was owned by the City of New York, which is not a party to this action. (*see, Fresse v City of New York,* 238 AD2d 374). Moreover, the construction contract giving rise to this case was between the third-party defendant and the nonparty New York City School Construction Authority. In addition, it cannot be concluded that the Board is an agent of the City of New York (*see, Mancuso v Crew,* 255 AD2d 295). "The Board of Education of the City of New York is not a department of the city government, it is an independent corporate body and may sue and be sued in its corporate name" (*Divisich v Marshall,* 281 NY 170, 173). "No

relation of principal and agent exists between the two" (*Titusville Iron Co. v City of New York,* 207 NY 203, 208; *see also, People ex rel. Wells & Newton Co. v Craig,* 232 NY 125). In large measure, liability under the Labor Law " 'rests upon the fact of ownership' " (*Coleman v City of New York,* 230 AD2d 762, *affd* 91 NY2d 821, quoting *Gordon v Eastern Ry. Supply,* 82 NY2d 555, 560; *see also, Wallin v City of New York,* 232 AD2d 548). Since the Board is clearly not an owner of the subject school, and the construction project was under the control of the School Construction Authority, and the plaintiffs have failed to prove that the Board should otherwise be held liable, the cross motions for summary judgment dismissing the plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action should have been granted.

Since we are dismissing the plaintiffs' Labor Law § 240 (1) and § 241 (6) causes of action, the appellant does not owe the Board a duty of indemnification thereon. Thus, that branch of the Board's cross motion which sought this relief is denied.

Issues of fact exist concerning the manner in which the plaintiff was injured and who, if anyone, bears responsibility for the falling cage light (*see, Fair v 431 Fifth Ave. Assocs.,* 249 AD2d 262; *Nation v Morse Diesel,* 214 AD2d 494). Accordingly, the appellant has not demonstrated that it is entitled to summary judgment on the plaintiffs' first cause of action to recover damages for negligence. Any issues concerning indemnification arising as a result of possible liability on the plaintiffs' first cause of action cannot be determined at this juncture. S. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.