## State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  March 19, 2015                    519616
_____

In the Matter of the Claim of
    TERRI A. JABLONSKI,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  January 20, 2015

Before:  McCarthy, J.P., Garry, Egan Jr. and Clark, JJ.

_____

    Terri A. Jablonski, Pearl River, appellant pro se.

    Eric T. Schneiderman, Attorney General, New York City (Gary
Leibowitz of counsel), for respondent.

_____

    Appeal from a decision of the Unemployment Insurance Appeal
Board, filed April 9, 2014, which ruled that claimant was
ineligible to receive unemployment insurance benefits because she
was unable to file a valid original claim.

    Claimant earned $4,393.75 in the second quarter of 2012,
but did not have any earnings in the third or fourth quarters of
2012 or in the first or second quarters of 2013.  She filed a
claim for unemployment insurance benefits effective August 5,
2013.  The Department of Labor issued initial determinations
denying her benefits on the ground that she did not have earnings
in two or more calendar quarters in the applicable base periods
as was necessary to file a valid original claim.  These
determinations were sustained by an Administrative Law Judge
following a hearing and later upheld by the Unemployment
Insurance Appeal Board.  Claimant now appeals.

We affirm.  Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for benefits under either the basic condition or the alternate condition.  Both provisions require a claimant to receive a specified amount of remuneration from employment during at least two calendar quarters within the applicable base period (see Labor Law § 527 [1], [2]).  For the basic condition, the base period covers the first four of the last five calendar quarters immediately preceding the filing of the claim (see Labor Law § 520 [1]).  For the alternate condition, the base period covers the last four calendar quarters immediately preceding the filing of the claim (see Labor Law § 520 [2]).

Here, claimant's base period under the basic condition covered the second, third and fourth quarters of 2012 and the first quarter of 2013 (April 1, 2012 through March 31, 2013).  However, given that she only had earnings during the second quarter of 2012, she failed to meet the requirement that she have earnings during two calendar quarters within the base period (see Matter of Stennett [Commissioner of Labor], 54 AD3d 478, 479 [2008]; Matter of Rodriguez [New York City Dept.of Educ.– Commissioner of Labor], 24 AD3d 934, 934 [2005]; see also Labor Law § 527 [1]).  As for the alternate condition, claimant's base period covered the third and fourth quarters of 2012 and the first and second quarters of 2013 (July 1, 2012 through June 30, 2013).  However, she did not receive any remuneration from employment during any of the quarters within this base period (see Matter of Kokolakis [Commissioner of Labor], 97 AD3d 880, 881 [2012]; Matter of Stennett [Commissioner of Labor], 54 AD3d at 479; Matter of Iusuf [Commissioner of Labor], 305 AD2d 792, 793 [2003], lv denied 100 NY2d 514 [2003]; see also Labor Law § 527 [2]).[1]  Accordingly, substantial evidence supports the Board's finding that claimant failed to meet the requirements necessary to file a valid original claim under either the basic condition or the alternate condition.  We have considered claimant's other arguments and find them either unpreserved for

_____

[1]  It is irrelevant that claimant earned remuneration during the first quarter of 2012, as that quarter is outside both base periods.

our review or lacking in merit.

    McCarthy, J.P., Garry, Egan Jr. and Clark, JJ., concur.


    ORDERED that the decision is affirmed, without costs.




                ENTER:

Robert D. Mayberger
Clerk of the Court