*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 15, 2016           522875
_____

In the Matter of the Claim of
    JOHN J. KELLY III,
                    Appellant.
                                    MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  October 25, 2016

Before:  McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ.

                        _____

        John J. Kelly III, Amherst, appellant pro se.

        Eric T. Schneiderman, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

                        _____

        Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 15, 2015, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to file a valid original claim.

        Claimant filed a claim for unemployment insurance benefits, effective January 5, 2015, that was denied on the basis that he did not meet the requirements for filing a valid original claim. Ultimately, the Unemployment Insurance Appeal Board upheld that determination.  Claimant now appeals.

        Substantial evidence in the record supports the Board's decision, and we affirm.  In order to file a valid claim for unemployment insurance benefits, claimant was required to show that he earned "remuneration of one and one-half times the high calendar quarter earnings within the base period" (Labor Law § 527 [1] [d]; [2] [a]; see Matter of Lingshan Li [Commissioner

of Labor], 122 AD3d 1224, 1225 [2014]; Matter of Chernavsky [Commissioner of Labor], 76 AD3d 739, 740 [2010]). The record establishes that claimant earned wages of $9,240 for the high calendar quarter during both the base period and alternate base period.[1] As claimant's wages for the other three quarters did not equal or exceed $4,620 for either the base period or alternate base period, claimant's total earnings did not equal or exceed 1½ times his high calendar quarter earnings (see Labor Law §§ 520, 527).

Claimant contends that certain of his wages should have been credited in the quarter that he actually performed the work instead of in the high calendar quarter in which he was paid. However, "[r]emuneration is deemed to have been earned on the date of payment" (Matter of Lingshan Li [Commissioner of Labor], 122 AD3d at 1225; see Matter of Rodriguez [New York City Dept. of Educ.—Commissioner of Labor], 24 AD3d 934, 934 [2005]). Further, as the State University of New York, claimant's employer, is exempt from the provisions of Labor Law § 191 (see Labor Law § 190 [3]; Mancuso v Crew, 255 AD2d 295, 296 [1998]), his employer's use of a payroll lag was not in violation of Labor Law § 191 (1) (a) and does not render claimant eligible for unemployment insurance benefits. Accordingly, substantial evidence supports the Board's finding that claimant was unable to file a valid original claim under the base or alternate base periods (see Matter of Lingshan Li [Commissioner of Labor], 122 AD3d at 1225; Matter of Chernavsky [Commissioner of Labor], 76 AD3d at 740).

McCarthy, J.P., Garry, Devine, Clark and Aarons, JJ., concur.

---

[1] Although claimant was credited with wages of $16,201.28 for his high calendar quarter for both the base and alternate periods, that amount was capped at $9,240 (see Labor Law § 527 [1], [2]).

ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court