Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 9, 2016, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to file a valid original claim.
Claimant worked as a warehouse coordinator for Landmark Industries, a sheltered workshop that operates a vocational and rehabilitative work program at Rochester Psychiatric Center (hereinafter RPC). Landmark workshops and programs, which are open only to RPC psychiatric patients meeting certain criteria, provide an opportunity for patients to develop appropriate work behaviors and skills necessary to gain employment in the competitive job market. Landmark contracted with certain private companies to provide services such as packaging and shipping for their businesses, which created jobs for the patients working in the programs. Claimant, an RPC patient, worked 20 hours per week and was paid an hourly wage, and was not employed anywhere else. When the Landmark program where claimant worked closed temporarily, he filed a claim for unemployment insurance benefits. His claim was denied on the ground that he was unable to meet the requirements for a valid original claim because his work with Landmark, a non-profit organization, was excluded from employment under Labor Law § 563 (2) (d). The Unemployment Insurance Appeal Board upheld that determination. Claimant appeals.
Substantial evidence supports the Board’s determination and, thus, we affirm (see Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1306 [2016]). To file a valid original claim, a claimant must meet certain qualifications and satisfy employment requirements (see Labor Law § 527 [1]). Labor Law § 563 (2) (d) excludes certain employment from unemployment insurance coverage, including “services rendered for a *1454 non-profit organization by ... a person who (1) receives rehabilitative services in a facility conducted for the purpose of carrying out a program of rehabilitation for individuals whose earning capacity is impaired by age or physical or mental deficiency or injury or (2) is given remunerative work in a facility conducted for the purpose of providing such work for persons who cannot be readily absorbed in the competitive labor market because of their impaired physical or mental capacity.” The Board credited the hearing testimony establishing that, as part of his vocational rehabilitation, claimant worked for Landmark, a non-profit organization that operates workshops and rehabilitative programs open exclusively to RPC patients. To the extent that claimant provided contrary testimony, this presented a credibility issue for the Board’s resolution (see Matter of Kachmarik [Commissioner of Labor], 138 AD3d 1332, 1334 [2016]). As substantial evidence supports the determination that claimant’s employment was excluded under Labor Law § 563 (2) (d), he is not entitled to unemployment insurance benefits (see Matter of Richmond [Commissioner of Labor], 264 AD2d 878, 878 [1999], lv denied 94 NY2d 757 [1999]).
Next, we reject claimant’s argument that Labor Law § 563 (2) (d) is unconstitutional in that it violates his federal right to equal protection by treating people with disabilities differently for purposes of unemployment insurance benefits (see US Const, 14th Amend, § 1). The statute, which has withstood equal protection challenges, is presumed to be constitutional and, thus, claimant bears the “heavy burden of establishing the contrary beyond a reasonable doubt” (Matter of Klein [Hartnett], 78 NY2d 662, 666 [1991], cert denied 504 US 912 [1992]; see Matter of Faith Bible Church [Hudacs], 179 AD2d 308, 312 [1992]). Claimant has not demonstrated that this facially neutral exclusion disadvantages a suspect class or burdens a fundamental right,* or that it was enacted with an intent to discriminate and, thus, the exclusion of certain types of work from unemployment insurance benefits “need only be rationally related to a legitimate governmental purpose” (People v Aviles, 28 NY3d 497, 502 [2016]; see Matter of Faith Bible Church [Hudacs], 179 AD2d at 312), which is satisfied here (see Matter of Klein [Hartnett], 78 NY2d at 672; see also People v Aviles, 28 NY3d at 505; Matter of Restaneo [Commissioner of Labor], 2 AD3d 931, 933 [2003], appeal dismissed 1 NY3d 622 [2004]). Claimant’s remaining contentions are either unpreserved or without merit.
*1455 Peters, P.J., Garry, Lynch, Devine and Mulvey, JJ., concur.
Ordered that the decision is affirmed, without costs.

 “There is no fundamental right to unemployment insurance benefits” (Matter of Klein [Hartnett], 78 NY2d at 672).