Matter of Kowalik (Commissioner of Labor) (2018 NY Slip Op 07819)





Matter of Kowalik (Commissioner of Labor)


2018 NY Slip Op 07819


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526520

[*1]In the Matter of the Claim of MANDI C. KOWALIK, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: September 18, 2018

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.


Mandi C. Kowalik, Smithtown, appellant pro se.
Barbara D. Underwood, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 11, 2018, which ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to file a valid original claim.
Claimant filed a claim for unemployment insurance benefits, effective July 3, 2017, that was denied upon the ground that she did not meet the requirements for filing a valid original claim. The Unemployment Insurance Appeal Board upheld that determination, prompting this appeal.
We affirm. "Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for benefits under either the basic condition or the alternate condition. Both provisions require a claimant to receive a specified amount of remuneration from employment during at least two calendar quarters within the applicable base period. For the basic condition, the base period covers the first four of the last five calendar quarters immediately preceding the filing of the claim. For the alternate condition, the base period covers the last four calendar quarters immediately preceding the filing of the claim" (Matter of Jablonski [Commissioner of Labor], 126 AD3d 1224, 1225 [2015] [internal citations omitted], appeal dismissed 25 NY3d 981 [2015]).
As her claim was effective July 3, 2017, claimant's base period under the basic condition ran from April 1, 2016 through March 31, 2017 (see Labor Law § 520 [1]), and her base period under the alternate condition ran from July 1, 2016 through June 30, 2017 (see Labor Law § 520 [2]). By her own admission, claimant's last physical day of work for the employer was March 1, 2013 — after which she was on unpaid leave. As claimant received no wages during either of the relevant base periods, she necessarily could not satisfy the remuneration requirements set forth in either Labor Law § 527 (1) or (2) (see Matter of Jablonski [Commissioner of Labor], 126 AD3d at 1225; Matter of George [Commissioner of Labor], 107 AD3d 1289, 1290 [2013]; Matter of Kokolakis [Commissioner of Labor], 97 AD3d 880, 881 [2012]; see also Matter of Wells [Commissioner of Labor], 101 AD3d 1212, 1213 [2012]). [*2]Although the statute provides for an extension of the base period where the claimant has received either workers' compensation or volunteer firefighter benefits during such base period (see Labor Law § 527 [3]), nothing in the record suggests that claimant received any such benefits here (see Matter of George [Commissioner of Labor], 107 AD3d at 1290; Matter of Kokolakis [Commissioner of Labor], 97 AD3d at 881). To the extent that claimant contends that her earnings from 2012 and 2013 should be considered for purposes of filing an original valid claim, "[r]emuneration is deemed to have been earned on the date of payment" (Matter of Lingshan Li [Commissioner of Labor], 122 AD3d 1224, 1225 [2014]; accord Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1306 [2016]), and claimant simply did not earn any wages during the relevant base periods. Finally, as "[t]here is no fundamental right to unemployment insurance benefits" (Matter of Janakievski [Commissioner of Labor], 149 AD3d 1453, 1454 n [2017] [internal quotation marks and citation omitted], appeal dismissed, lv denied 29 NY3d 1101 [2017]), claimant's due process argument must fail. Claimant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.