Matter of Best (Commissioner of Labor) (2019 NY Slip Op 04247)





Matter of Best (Commissioner of Labor)


2019 NY Slip Op 04247


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526953

[*1]In the Matter of the Claim of TIMOTHY D. BEST, Appellant. COMMISSIONER OF LABOR, Respondent.

Calendar Date: May 3, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Rumsey, JJ.


Timothy D. Best, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 2018, which ruled that claimant was ineligible to receive unemployment insurance benefits because he failed to file a valid original claim.
Claimant filed a claim for unemployment insurance benefits, effective October 19, 2015, that was denied upon the ground that he did not meet the requirements for filing a valid original claim. The Unemployment Insurance Appeal Board ultimately upheld that determination, prompting this appeal.
We affirm. "Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for [unemployment insurance] benefits under either the basic condition or the alternate condition" (Matter of Jablonski [Commissioner of Labor], 126 AD3d 1224, 1225 [2015] [citations omitted], appeal dismissed 25 NY3d 981 [2015]; accord Matter of Kowalik [Commissioner of Labor], 166 AD3d 1276, 1276 [2018]). Both provisions require a claimant to receive "remuneration of [1½] times the high calendar quarter earnings within the base period" (Labor Law § 527 [1] [d]; [2] [a]; see Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1306 [2016]; Matter of Lingshan Li [Commissioner of Labor], 122 AD3d 1224, 1225 [2014]). "'For the basic condition, the base period covers the first four of the last five calendar quarters immediately preceding the filing of the claim. For the alternate condition, the base period covers the last four calendar quarters immediately preceding the filing of the claim'" (Matter of Kowalik [Commissioner of Labor], 166 AD3d at 1276-1277, quoting Matter of Jablonski [Commissioner of Labor], 126 AD3d at 1225; see Labor Law § 520 [1], [2]).
Claimant's base period under the basic condition covered the third and fourth quarters of 2014 and the first and second quarters of 2015 (July 1, 2014 through June 30, 2015) (see Labor Law § 520 [1]), while his base period under the alternate condition covered the fourth quarter of 2014 and the first, second and third quarters of 2015 (October 1, 2014 through September 30, [*2]2015 (see Labor Law § 520 [2]). The record establishes that claimant earned, as relevant here, wages of $7,147.20 during the third quarter of 2014, $3,379.75 during the second quarter of 2015 and $8,073.91 during the third quarter of 2015. As such, claimant did not earn wages 1½ times the $7,147.20 that he earned in the high calendar quarter during the basic base period or earn wages 1½ times the $8,073.91 that he earned in the high calendar quarter during the alternate base period (see Labor Law §§ 520, 527; Matter of Kelly [Commissioner of Labor], 145 AD3d at 1306; Matter of Lingshan Li [Commissioner of Labor], 122 AD3d at 1225; Matter of Schulz [Commissioner of Labor], 300 AD2d 729, 729 [2002], lv denied 99 NY2d 509 [2003]).
Claimant argues that, had his employer paid him his $640.11 in wages that he was owed for the workweek of June 20, 2015 through June 26, 2015 on June 26, 2015 instead of on July 1, 2015, his high calendar quarter earnings for the alternate base period would have been lowered and he would have earned wages more than 1½ times his high calendar quarter wages during the alternate base period [FN1]. Although claimant's calculations are correct, the Labor Law provides that "'wages paid' or 'remuneration paid' shall, for the purposes of [unemployment insurance benefits], be deemed paid on the date such payments are made" (Labor Law § 516; see Matter of Kelly [Commissioner of Labor], 145 AD3d at 1306; Matter of Lingshan Li [Commissioner of Labor], 122 AD3d at 1225; Matter of Rodriguez [New York City Dept. of Educ.-Commissioner of Labor], 24 AD3d 934, 934 [2005]). Thus, the Board properly credited claimant with earning the subject wages during the third quarter of 2015. Accordingly, substantial evidence supports the Board's finding that claimant failed to meet the requirements necessary to file a valid original claim under either the basic condition or the alternate condition (see Matter of Kelly [Commissioner of Labor], 145 AD3d at 1306-1307; Matter of Lingshan Li [Commissioner of Labor], 122 AD3d at 1225). To the extent that claimant's remaining claims are properly before us, we have considered them and find them to be without merit.
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: We note that, had claimant's employer paid him the subject $640.11 wages during the second quarter of 2015 instead of on July 1, 2015 or during the third quarter of 2015, claimant also would have earned wages more than 1½ times his high calendar quarter wages during the basic base period (see Labor Law §§ 520 [1]; 527 [1]).