Matter of DiGeorge (Commissioner of Labor) (2023 NY Slip Op 02048)

Matter of DiGeorge (Commissioner of Labor)

2023 NY Slip Op 02048

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

536209
[*1]In the Matter of the Claim of Gary DiGeorge, Appellant. Commissioner of Labor, Respondent.

Calendar Date:March 24, 2023

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Gary DiGeorge, Canastota, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 5, 2022, which, upon reconsideration, adhered to its prior decision ruling that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
In September 2021, claimant, who was employed at a banquet hall and restaurant, filed a claim for unemployment insurance benefits establishing a basic base period of April 1, 2020 through March 31, 2021 and an alternate base period of July 1, 2020 through June 30, 2021. Following a hearing, an Administrative Law Judge found that claimant was ineligible to file a valid original claim as he did not have sufficient remuneration from employment during the basic or alternative base period. The Unemployment Insurance Appeal Board adopted the findings of fact and the opinion of the Administrative Law Judge and further found that only claimant's earnings in his base period beginning April 1, 2020 and the alternative base period ending on June 30, 2021 may be considered in establishing the claim for unemployment insurance benefits. The Board, by decision filed May 5, 2022, granted claimant's subsequent application for reopening and reconsideration and adhered to its prior decision. Claimant appeals from the Board's May 5, 2022 decision.
We affirm. Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim either under the basic base period or alternative base period, respectively. Both provisions require, among other things, that a claimant receive remuneration at least 221 times the established minimum wage (rounded down to the nearest $100) during the high calendar quarter of such base period (see Labor Law § 527 [1] [d]; [2] [a]). Claimant testified that the wages attributable to him in each of the quarters in relation to his basic base period and alternative base period were accurate. As the record reflects that claimant's wages did not meet the earnings requirement necessary to file a valid original claim in either the basic or the alternative base period, the Board's decision is supported by substantial evidence, and it will not be disturbed (see Matter of Best [Commissioner of Labor], 172 AD3d 1845, 1846-1847 [3d Dept 2019]; Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1306-1307 [3d Dept 2016]; Matter of Jablonski [Commissioner of Labor], 126 AD3d 1224, 1225 [3d Dept 2015], appeal dismissed 25 NY3d 981 [2015]; Matter of Ankhbara [Commissioner of Labor], 105 AD3d 1244, 1244-1245 [3d Dept 2013]; Matter of Stennett [Commissioner of Labor], 54 AD3d 478, 478-479 [3d Dept 2008]). We have reviewed claimant's remaining contentions, including that he should be able to use his pre-COVID-19 pandemic earnings from 2018 and 2019 to establish the 2021 unemployment insurance benefits claim, and find them to be without merit.
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without [*2]costs.