Matter of Restrepo (Commissioner of Labor) (2023 NY Slip Op 03891)

Matter of Restrepo (Commissioner of Labor)

2023 NY Slip Op 03891

Decided on July 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 20, 2023

535313
[*1]In the Matter of the Claim of Andres Restrepo, Appellant. Commissioner of Labor, Respondent.

Calendar Date:June 6, 2023

Before:Egan Jr., J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Andres Restrepo, Brooklyn, appellant pro se.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 23, 2021, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
Claimant, a seasonal employee, filed a claim for unemployment insurance benefits, effective February 17, 2020, that was denied upon the ground that he did not have sufficient earnings in either his base period or alternate base period to file a valid original claim. In September 2020, the Department of Labor issued a second determination finding claimant eligible to receive pandemic unemployment assistance, effective February 24, 2020, at a specified weekly rate pursuant to the Coronavirus Aid, Relief and Economic Security Act (the CARES Act) (see 15 USC § 9021). Claimant contested the determinations that he was ineligible for unemployment insurance benefits and the weekly rate of pandemic unemployment assistance that he was found eligible for, and, following a hearing, an Administrative Law Judge sustained the Department's determinations. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed, prompting this appeal.[FN1]
We affirm. "Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for unemployment insurance benefits under either the basic condition or the alternate condition" (Matter of Best [Commissioner of Labor], 172 AD3d 1845, 1845 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]). Both conditions require a claimant to receive a specified amount of remuneration from employment during at least two calendar quarters within the applicable base period (see Labor Law § 527 [1], [2]) and require a claimant to receive remuneration of 1½ times the high calendar quarter earnings within the base period (see Labor Law § 527 [1] [d]; [2] [a]; Matter of Best [Commissioner of Labor], 172 AD3d at 1845-1846; Matter of Kelly [Commissioner of Labor], 145 AD3d 1306, 1306 [3d Dept 2016]; Matter of Lingshan Li [Commissioner of Labor], 122 AD3d 1224, 1225 [3d Dept 2014]). "For the basic condition, the base period covers the first four of the last five calendar quarters immediately preceding the filing of the claim. For the alternate condition, the base period covers the last four calendar quarters immediately preceding the filing of the claim" (Matter of Kowalik [Commissioner of Labor], 166 AD3d 1276, 1276-1277 [3d Dept 2018] [internal quotation marks and citation omitted]).
Claimant's base period under the basic condition covered the fourth quarter of 2018 and the first, second and third quarters of 2019 (October 1, 2018 through September 30, 2019) (see Labor Law § 520 [1]). Claimant's base period under the alternate condition covered the first, second, third and fourth quarters of 2019 (January 1, 2019 through December 31, 2019) (see Labor Law § 520 [2]). The record establishes that claimant earned, as relevant here, wages of[*2]$4,045.59 during the third quarter of 2019 and $8,171.21 during the fourth quarter of 2019. As such, claimant did not work and earn wages during at least two calendar quarters within the base period and, therefore, could not satisfy the basic condition. Claimant also could not satisfy the basic condition because he did not earn total remuneration during the base period that was 1½ times the $4,045.59 that he earned in the high calendar quarter during the basic base period. As to the alternate condition, although claimant worked and earned wages during two calendar quarters within the alternate base period — i.e., the third and fourth quarters of 2019 — he did not satisfy the alternate condition because the total amount of remuneration earned ($12,216.80) by claimant during the alternate base period was not 1½ times the $8,171.21 that he earned in the high calendar quarter during the alternate base period (see Labor Law §§ 520, 527; Matter of Best [Commissioner of Labor], 172 AD3d at 1846; Matter of Kelly [Commissioner of Labor], 145 AD3d at 1306). Accordingly, substantial evidence supports the Board's finding that claimant failed to meet the requirements necessary to file a valid original claim under either the basic condition or the alternate condition. To the extent not specifically addressed, claimant's remaining contentions are without merit.
Egan Jr., J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant raises no arguments in his brief regarding the calculation of his weekly rate for pandemic unemployment assistance and, therefore, has abandoned any claim with respect thereto (see Matter of Ciotoli [Commissioner of Labor], 199 AD3d 1181, 1182 n 2 [3d Dept 2021]).