Matter of Caradona (Commissioner of Labor) (2023 NY Slip Op 05649)

Matter of Caradona (Commissioner of Labor)

2023 NY Slip Op 05649

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

CV-23-0823
[*1]In the Matter of the Claim of Julie Caradona, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 6, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Julie Caradona, Brightwaters, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 22, 2023, which ruled that claimant was not entitled to receive unemployment insurance benefits.
In October 2022, claimant filed a claim for unemployment insurance benefits, establishing a basic base period of July 1, 2021 to June 30, 2022 and an alternate base period of October 1, 2021 to September 30, 2022. The Department of Labor thereafter issued a determination finding claimant ineligible for benefits. Various proceedings ensued and, following a hearing, an Administrative Law Judge sustained the Commissioner's determination, finding that claimant was not eligible for benefits because she failed to file a valid original claim as required by Labor Law § 527. Upon administrative appeal, the Unemployment Insurance Appeal Board adopted the findings of fact and the opinion of the Administrative Law Judge, agreeing that claimant had failed to file a valid original claim using either the basic or alternate base periods. Claimant appeals.
We affirm. "Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for unemployment insurance benefits under either the basic condition or the alternate condition" (Matter of Best [Commissioner of Labor], 172 AD3d 1845, 1845 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Matter of DiGeorge [Commissioner of Labor], 215 AD3d 1160, 1161 [3d Dept 2023]). "Both conditions require a claimant to receive a specified amount of remuneration from employment during at least two calendar quarters within the applicable base period and require a claimant to receive remuneration of 1½ times the high calendar quarter earnings within the base period" (Matter of Restrepo [Commissioner of Labor], 218 AD3d 975, 976 [3d Dept 2023] [citations omitted]). "For the basic condition, the base period covers the first four of the last five calendar quarters immediately preceding the filing of the claim. For the alternate condition, the base period covers the last four calendar quarters immediately preceding the filing of the claim" (Matter of Kowalik [Commissioner of Labor], 166 AD3d 1276, 1276-1277 [3d Dept 2018] [internal quotation marks and citations omitted]).
At the hearing, claimant repeatedly testified that she did not work during the established base period for either the basic or the alternate condition, and that she had last worked in January 2021. As claimant admittedly did not work in at least two calendar quarters during either the basic or alternate base periods, she did not satisfy the requirements of Labor Law § 527 so as to establish a valid original claim for benefits (see Labor Law § 527 [1], [2]). Accordingly, substantial evidence supports the Board's decision finding claimant ineligible for unemployment insurance benefits (see Matter of Restrepo [Commissioner of Labor], 218 AD3d at 977; Matter of Mangiero [Commissioner of Labor], 197 AD3d 1458, 1458 [3d Dept 2021], lv denied 38 NY3d [*2]901 [2022]; Matter of Wells [Commissioner of Labor], 101 AD3d 1212, 1213 [3d Dept 2012]; Matter of Rodriguez [New York City Dept. of Educ.-Commissioner of Labor], 24 AD3d 934, 934 [3d Dept 2005]). Claimant's remaining contentions, to the extent not expressly addressed herein, have been considered and found to be without merit.
Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ. concur.
ORDERED that the decision is affirmed, without costs.