Matter of Macre (Commissioner of Labor) (2024 NY Slip Op 00668)

Matter of Macre (Commissioner of Labor)

2024 NY Slip Op 00668

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

CV-23-1158
[*1]In the Matter of the Claim of Robert M. Macre, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 5, 2024

Before:Garry, P.J., Aarons, Lynch, Fisher and Powers, JJ.

Robert M. Macre, Buffalo, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 18, 2023, which ruled that claimant was ineligible to receive unemployment insurance benefits because he was unable to file a valid original claim.
Claimant, employed by a home improvement retailer, filed a claim for unemployment insurance benefits, effective September 5, 2022, that was denied because he did not work at least two calendar quarters or have sufficient earnings in either his base or alternate period in order to file a valid original claim. The determination was sustained by an Administrative Law Judge following a hearing. Upon administrative appeal, the Unemployment Insurance Appeal Board upheld the determination, and this appeal ensued.
We affirm. "Labor Law § 527 (1) and (2) set forth the requirements for filing a valid original claim for unemployment insurance benefits under either the basic condition or the alternate condition" (Matter of Caradona [Commissioner of Labor], 221 AD3d 1168, 1168 [3d Dept 2023] [internal quotation marks and citations omitted]; accord Matter of Restrepo [Commissioner of Labor], 218 AD3d 975, 976 [3d Dept 2023]). The base period for the basic condition includes "the first four of the last five completed calendar quarters ending with the week immediately preceding the filing of a valid original claim" (Labor Law § 520 [1]). The base period for the alternate condition consists of "the last four completed calendar quarters ending with the week immediately preceding the filing of a valid original claim" (Labor Law § 520 [2]). Under either provision, a claimant is required to receive a specified amount of remuneration from employment during at least two calendar quarters within the applicable base period (see Labor Law § 527 [1], [2]; Matter of Kowalik [Commissioner of Labor], 166 AD3d 1276, 1276 [3d Dept 2018]).
Claimant's unemployment insurance claim was effective September 5, 2022. As such, claimant's basic base period was established as the second quarter of 2021 through the first quarter of 2022 (April 1, 2021 through March 30, 2022). However, claimant testified that he had earnings in only one quarter in the basic base period. Claimant's alternate base period was established as the third quarter of 2021 through the second quarter of 2022 (July 1, 2021 to June 30, 2022). Any remuneration paid to claimant during that period was earned only in the second quarter of 2022. As claimant was unable to establish that he earned sufficient wages in two calendar quarters of either the basic or alternate base period, substantial evidence supports the Board's determination that claimant did not meet the requirements necessary of either the basic or alternate base periods to file a valid original claim (see Matter of DiGeorge [Commissioner of Labor], 215 AD3d 1160, 1161 [3d Dept 2023]; Matter of Jablonski [Commissioner of Labor], 126 AD3d 1224, 1225 [3d Dept 2015], appeal dismissed 25 NY3d 981 [2015]). Although claimant earned additional [*2]remuneration in the third quarter of 2022, this was outside either base period and, as such, could not be used to establish a valid original claim (see Matter of Jablonski [Commissioner of Labor], 126 AD3d at 1225 n).
Garry, P.J., Aarons, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.